99 F.3d 1151
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Tony R. CARTER, Defendant-Appellant.
 No. 96-3017.
 United States Court of Appeals, Tenth Circuit.
 Oct. 16, 1996.
 
 Before MURPHY, RONEY*, and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT**
 RONEY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate records, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f). The case is therefore submitted without oral argument.
 
 
 2
 Convicted of maintaining a place for the purpose of distributing cocaine, Tony Carter contends that the evidence was insufficient and only showed that he was present at the residence involved and in proximity to guns and firearms.
 
 
 3
 The Government argues, correctly we think, that Carter did much more, could be found to be an agent of Anthony Moore, who seemed to be principally involved, and could be found to be maintaining a place for the distribution of drugs, either as a principal or an aider and abettor.
 
 
 4
 To establish the violation of 21 U.S.C. § 856(a)(1), the United States had to prove that he knowingly maintained a place for the purpose of distributing a controlled substance. See United States v. Wood, 57 F.3d 913 (10th Cir.1995); United States v. Williams, 923 F.2d 1397, 1403-04 (10th Cir.1990), cert. denied, 500 U.S. 925, 111 S.Ct. 2033, 114 L.Ed.2d 118 (1991). It is sufficient if the proof showed that defendant simply aided and abetted this operation. See 18 U.S.C. § 2; United States v. Smith, 838 F.2d 436, 441 (10th Cir.1988), cert. denied, 490 U.S. 1036 (1989).
 
 
 5
 The following evidence did just that: the residence was in the name of Anthony Moore's wife. It was not used as a dwelling, no one lived there, but it was used solely as a place for the distribution of crack cocaine. Defendant was found inside dispensing drugs on two separate occasions. The defendant would sit behind a coffee table and dispense drugs to users who entered the house. He was armed. There were large sums of cash found on him. Baggies were once found on the coffee table. Defendant was seen acting as a "protector" of the house, looking out the window to decide who would be allowed entry. On both occasions, the defendant exercised some control or dominion over the premises.
 
 
 6
 This evidence was sufficient to support the jury's verdict in this case.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Honorable Paul H. Roney, Senior Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth circuit, except for the purposes of establishing the doctrines of law of the case, res judicata or collateral estoppel. 10th Cir.R. 36-3