Filed 10/22/96

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CHARLES MICHAEL KISSICK,

Defendant-Appellant.

No.  96-6108
(D.C. No. CIV-94-1428-C)
(W.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before BRISCOE and MURPHY, Circuit Judges, and VAN BEBBER,[**] District Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The parties' requests

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     Honorable G. Thomas Van Bebber, Chief Judge, United States District Court for the District of Kansas, sitting by designation.

to submit the case on the briefs are granted, and the case is ordered submitted without oral argument.

This case returns to this court following our remand in United States v. Kissick, 69 F.3d 1048 (10th Cir. 1995)(Kissick). In Kissick, defendant-appellant Charles Michael Kissick appealed the district court's denial of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. This court vacated the district court's order and remanded for further proceedings.

The facts in this case were set forth fully in Kissick, and only those necessary to this decision will be repeated here. In 1989, Mr. Kissick was convicted of conspiracy to distribute cocaine and thirteen counts of possession with intent to distribute and the distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Finding an offense level of thirty-six and a criminal history category of VI, the trial court sentenced Mr. Kissick to 328 months' imprisonment for count one and counts four through fourteen. On counts two and three the court sentenced him to ten-years' imprisonment to run concurrently with the sentences on the other counts. Mr. Kissick's conviction was affirmed on appeal, and a subsequent motion to reduce sentence was denied.

In 1994, Mr. Kissick filed his § 2255 motion alleging that (1) he should be resentenced under United States Sentencing Guidelines (USSG) Amendment 487

which became effective on November 1, 1993;[1] and (2) the trial court erred in sentencing him as a career offender. The district court denied the motion, and Mr. Kissick appealed.

This court concluded that Amendment 487 was not listed in USSG § 1B1.10, listing specific amendments which may be applied retroactively to reduce a defendant's sentence. Kissick, 69 F.3d at 1053. In order for an amendment not listed in USSG § 1B1.10 to be considered for retroactive application the amendment must be "'clarifying'" and not substantive. Kissick, 69 F.3d at 1052 (quoting United States v. Capers, 61 F.3d 1100, 1109 (4th Cir. 1995), cert. denied, 116 S. Ct. 1830 (1996)). Because Amendment 487 was not listed in USSG § 1B1.10, we applied certain factors to determine that the amendment was substantive and not subject to retroactive application. See Kissick, 69 F.3d at 1052-53.

As to the trial court's classification of Mr. Kissick as a career offender under USSG §§ 4B1.1 and 4B1.2, we determined that it was unclear whether a 1986 Florida conviction for possession of cocaine constituted a "controlled substance offense" as defined in USSG § 4B1.2. Kissick, 69 F.3d at 1056-57. This court thus held that counsel's failure to challenge the Florida conviction at

---

[1] Amendment 487 amended USSG § 2D1.1(c) to clarify the definition of "cocaine base." See Kissick, 69 F.3d at 1051-52.

Mr. Kissick's sentencing constituted constitutionally deficient representation. Further, when this deficient representation was coupled with the prejudice resulting from the enhanced sentence, we held that Mr. Kissick met the <u>Strickland v. Washington</u>, 466 U.S. 668 (1984) standard for establishing ineffective assistance of counsel. <u>Kissick</u>, 69 F.3d at 1055-56.

Because the record on appeal was lacking in evidence concerning Mr. Kissick's Florida conviction, and because this conviction had a significant impact on Mr. Kissick's sentence, we remanded to the district court for a determination of "whether the Florida conviction was for mere possession of cocaine or whether it involved the additional elements required under USSG § 4B1.2 to constitute a 'controlled substance offense.'" <u>Kissick</u>, 69 F.3d at 1057.[2] We directed that if the Florida conviction was for simple possession, counsel's ineffective assistance in failing to challenge the use of the conviction at Mr. Kissick's sentencing hearing satisfied the cause and prejudice standard for procedural default, and Mr. Kissick would be entitled to resentencing. <u>Id.</u> We noted that "[a]s to any resentencing, . . . the district court 'will be governed by the guidelines in effect at

---

[2] USSG § 4B1.2(2) defines a "controlled substance offense" as "an offense under a federal or state law prohibiting the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." The definition does not include simple possession. <u>See Kissick</u>, 69 F.3d at 1053-54 and n.3.

the time of resentence.'" Id. (quoting United States v. Ziegler, 39 F.3d 1058, 1063-64 (10th Cir. 1994)).

On remand, the district court determined that the Florida offense was one for simple possession and should not have been used to sentence Mr. Kissick as a career offender. At resentencing, counsel for Mr. Kissick argued that, in spite of this court's ruling that Amendment 487 should not be applied retroactively, the remand decision stated that the district court should apply current guidelines at the time of resentencing and, therefore, the district court should apply Amendment 487. The district court disagreed, interpreting the mandate in Kissick as a remand on the career offender issue only. Accordingly, the court resentenced Mr. Kissick to 262 months imprisonment on counts one and four through fourteen and 120 months on counts two and three to run concurrently.

On appeal, Mr. Kissick asserts that the district court erred in refusing to apply the guidelines in effect at the time he was resentenced. In addition to his contention that Kissick should be interpreted to require the district court to apply Amendment 487, he also contends that the district court should have considered his claims that twenty-eight grams of the cocaine were double counted at the original sentencing, and that his original sentence should not have been enhanced on a finding that he was a leader or an organizer of a criminal activity involving five or more participants, see USSG § 3B1.1(a).

The threshold and ultimately dispositive question here concerns the proper interpretation of this court's order vacating the district court's denial of Mr. Kissick's § 2255 motion and remanding "for proceedings consistent with this opinion." Kissick, 69 F.3d at 1057.

When the district court originally sentenced Mr. Kissick, he was classified as a career offender under USSG §§ 4B1.1 and 4B1.2. One of the prior felony convictions used to enhance his sentence as a career offender was a 1986 Florida conviction for possession of cocaine. "'Simple possession, as defined by 18 U.S.C. § 844 [sic], is not included in the list of crimes that constitute a controlled substance offense under the Career Offender provision'" Kissick, 69 F.3d at 1054 (quoting Hansen v. United States Parole Comm'n, 904 F.2d 306, 310 (5th Cir. 1990), cert. denied, 498 U.S. 1052 (1991)); see also United States v. Galloway, 937 F.2d 542, 549 (10th Cir. 1991).

In Kissick the record did not provide the basis for a definitive conclusion regarding the elements of the Florida conviction. Kissick, 69 F.3d at 1056-57. If in fact the Florida conviction was for simple possession, Mr. Kissick should not have been sentenced as a career offender. It was on this basis alone that we vacated the district court's order and remanded. See id. at 1057.

Under 18 U.S.C. § 3553(a)(4), a sentencing court is generally required to apply the guidelines in effect at the time of sentencing, unless to do so would run

afoul of the Ex Post Facto Clause. United States v. Gerber, 24 F.3d 93, 95 (10th Cir. 1994). We have held this to apply to resentencing as well. See Ziegler, 39 F.3d at 1063-64; United States v. Smith, 930 F.2d 1450, 1456 (10th Cir.), cert. denied, 502 U.S. 879 (1991). In United States v. Moore, 83 F.3d 1231, 1234 (10th Cir. 1996), this court held that "when a defendant's sentence is vacated on appeal and remanded for new sentencing, the lower court must begin anew with *de novo* proceedings." See also United States v. Ortiz, 25 F.3d 934, 935 (10th Cir. 1994). The Moore court held that "the mandate rule"[3] gives the district court discretion on remand to expand the scope of the resentencing to issues that were not the subject of the remand. 83 F.3d at 1234-35 (holding that the vacation of a defendant's sentence requires "the district court to exercise its inherent discretion to determine the appropriate scope of the resentencing proceedings").

Our remand in Kissick, however, did not vacate Mr. Kissick's sentence. We vacated the district court's order denying his § 2255 motion as to the career offender issue and remanded for a decision by the district court as to whether Mr. Kissick's sentence should be vacated and he should be resentenced. Although the Kissick opinion did not explicitly limit the district court's authority on remand,

---

[3]     "'[T]he mandate rule': where the appellate court has not specifically limited the scope of the remand, the district court generally has discretion to expand the resentencing beyond the sentencing error causing the reversal." Moore, 83 F.3d at 1234 (citing United States v. Moored, 38 F.3d 1419, 1421 (6th Cir. 1994); United States v. Cornelius, 968 F.2d 703, 705 (8th Cir. 1992)).

"[t]he trial court must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces." United States v. Moored, 38 F.3d 1419, 1421 (6th Cir. 1994)(quotation omitted).

The district court, construing our mandate narrowly, concluded that all other aspects of the district court's order had been affirmed, including the issue of the retroactive application of Amendment 487, and therefore considered it improper to revisit any other sentencing issues. In interpreting its resentencing limitations, the district court considered the circumstances embraced by the remand opinion, and properly implemented "the letter and the spirit of the mandate." Id. (quotation omitted). Accordingly, after careful review of our decision in Kissick, we conclude that the district court's construction of our mandate was correct.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.


Entered for the Court


Michael R. Murphy
Circuit Judge