**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 10 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CHARLES MICHAEL KISSICK,

    Defendant - Appellant.

No. 98-6037

(No. CIV-97-290-C)

(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

After examining Defendant-Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Defendant, a *pro se* federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2255 petition. Defendant was convicted on several counts of conspiracy to distribute, possession of, and distribution of cocaine. After various

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

appeals, the district court determined that Defendant should not have been sentenced as a career offender and resentenced him. At the resentencing, counsel for Defendant asserted that our remand mandate required resentencing under the guidelines in effect at that time, and, therefore, that the sentencing court should apply Amendment 487. This amendment to the guidelines addresses the definitions of cocaine base and crack cocaine. Defendant now alleges that counsel representing him at resentencing was ineffective because he "fail[ed] to object to [the sentencing court's] refusal to apply the guidelines in their entirety." Appellant's Br. at 1. Defendant moves for a certificate of appealability and contends that his counsel's alleged deficiency denied him effective assistance of counsel.

We issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). We agree with the district court's determination that Defendant "not only [has failed] to establish any deficient performance on the part of his counsel, [but] he [also] has failed to show [the] prejudice" required by <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). R., Doc. 202 at 2 (Order filed Dec. 23, 1997). Although Defendant's counsel apparently did not use the word "entirety," he specifically requested that the sentencing court apply the guidelines in effect at the time of resentencing, as required by Tenth Circuit law. <u>See</u> R., Doc. 169 at 1-

2; Doc. 200, Exh. A at 2. Counsel's arguments to the sentencing court encompassed the spirit and principle of applying the guidelines in their entirety. The court, however, determined that the mandate in United States v. Kissick, 69 F.3d 1048 (10th Cir. 1993), required it to resentence Defendant only on the career offender issue. The court did not believe that it was proper to revisit any other sentencing issues, including the definition of cocaine issue which underlies Defendant's ineffective assistance of counsel claim. This court upheld the district court's interpretation of the mandate in Kissick and its resentencing of Defendant in accordance with that interpretation. See United States v. Kissick, 99 F.3d 1151 (Table), 1996 WL 603267, at *2-3 (10th Cir. Oct. 22, 1996), cert. denied, __ U.S. __ , 117 S. Ct. 1008 (1997). Contrary to Defendant's assertion, the sentencing court did not apply one guideline section from one edition and another guideline section from a different edition because it resentenced Defendant only on the career offender issue. See UNITED STATES SENTENCING GUIDELINES § 1B1.11(b)(2). Counsel's failure to explicitly mention section 1B1.11(b)(2) of the guidelines did not prejudice Defendant.

After thoroughly reviewing the record, we conclude that Defendant's ineffective assistance of counsel claim does not substantially show the denial of a constitutional right; indeed, his claim is wholly without merit. We therefore deny

him a certificate of appealability and dismiss the appeal.

DISMISSED.

Entered for the Court


Monroe G. McKay
Circuit Judge