**UNITED STATES of America,**

v.

**Edward ROBINSON, Defendant.**

**No. 1:01–CR–131(LEK).**

United States District Court,
N.D. New York.

Feb. 23, 2005.

Paul D. Silver, AUSA, Office of United States Attorney, Albany, NY, for Plaintiff.

Lee David Greenstein, Office of Lee D. Greenstein, Albany, NY, for Defendant.

### MEMORANDUM–DECISION AND ORDER [1]

KAHN, District Judge.

Following a grand jury indictment, on October 18, 2002, Defendant Edward Robinson pled guilty to violations of 21 U.S.C. §§ 846 and 841(b)(1)(c), conspiracy to distribute more than fifty grams of marijuana. Prior to sentencing, Robinson filed objections to the presentence investigation report ("PSI"), which this Court rejected. On March 27, 2003, this Court sentenced Robinson to a thirty-nine month prison sentence, with three years supervised release. On January 12, 2004, Robinson filed a motion to correct his PSI pursuant to Federal Rule of Criminal Procedure 36. In this motion, Robinson challenges certain alleged factual inaccuracies in the PSI.

A court may *sua sponte* inquire into the subject matter jurisdiction and satisfy itself that such jurisdiction exists. *See Da Silva v. Kinsho Int'l Corp.,* 229 F.3d 358, 361 (2d Cir.2000) (noting that it is the obligation of the court to first determine whether it has subject matter jurisdiction). Rule 32 provides that a defendant may bring objections to his PSI, but he is limited to bringing these objections within fourteen days of receiving the PSI. Fed.R.Crim.P. 32(f)(1). Rule 32 demands that a judge rule on any disputed portion of the PSI prior to sentencing. *Id.* at 32(i)(3)(B). Once the sentence is imposed, a court cannot hear any challenges to the PSI. *See United States v. Warner,* 23 F.3d 287, 290 (10th Cir.1994) *cert. denied,* 516 U.S. 1152, 116 S.Ct. 1030, 134 L.Ed.2d 108

---

1. For printed publication in the Federal Reporter.

(1996) (holding that Rule 32 clearly contemplated that objections to the PSI must be made prior to sentencing since 32(i)(3)(B) requires a court to rule on objections prior to sentencing). Therefore, a district court lacks subject matter jurisdiction over challenges to the PSI once the sentence has been imposed. *Id.* at 290–91; *United States v. Engs,* 884 F.2d 894, 897 (5th Cir.1989); *United States v. Stone,* 99 F.3d 1151, 1151 (10th Cir.1996) (unpublished); *United States v. Boardley,* 61 Fed. Appx. 904, 905, 2003 WL 21001103, at *1 (4th Cir.2003) (unpublished). Accordingly, this Court lacks subject matter jurisdiction over Robinson's challenge and denies his motion to correct his PSI.

Based on the foregoing discussion, it is hereby

ORDERED, that the Defendant's motion to correct his PSI be **DENIED**; and it is further

ORDERED, that the Clerk serve a copy of this order on all parties.