**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**Filed 5/7/96**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

No. 95-3121

CALVIN MOORE,

Defendant-Appellant.

Appeal from the United States District Court
for the District of Kansas at Kansas City, Kansas
(D.C. No. 92-20071-01)

Leon J. Patton, Assistant United States Attorney, Kansas City, Kansas, for Plaintiff-Appellee.

David J. Phillips, Federal Public Defender, Kansas City, Kansas, for Defendant-Appellant.

Before **SEYMOUR, BRORBY,** and **MURPHY,** Circuit Judges**.**

**MURPHY**, Circuit Judge.

The district court resentenced the appellant Calvin Moore pursuant to 28 U.S.C. § 2255 after his original counsel failed to file a timely notice of appeal. Upon resentencing, the district court effectively ruled that its jurisdiction limited it to imposition of the original sentence, precluded rehearing of previously considered arguments and motions, and barred consideration of new arguments and new evidence. The district court's jurisdiction, however, is not so limited and this court remands to the district court for further proceedings.

I.

Appellant Calvin Moore was charged in an indictment alleging that over the period from October 3, 1991, to March 5, 1992, he knowingly and intentionally conspired to distribute a substance containing cocaine base ("crack cocaine") and did distribute crack cocaine on three separate occasions, in violation of 21 U.S.C. §§ 841, 846. On December 15, 1992, Moore pleaded guilty to count one of the indictment, conspiracy to distribute.

The United States District Court for the District of Kansas sentenced Moore to a term of imprisonment of 188 months on April 2, 1993. Moore's trial counsel filed objections to the presentence report that were overruled by the district court in imposing sentence. No timely notice of appeal was filed, but Moore submitted a motion to file an untimely notice of appeal. Because that motion was untimely filed 100 days after the entry of Moore's sentence, the district court denied the motion. *See* Fed. R. App. P. 4 (b).

Moore next filed a motion to vacate, set aside, or correct sentence, pursuant to 28

2

U.S.C. § 2255. Moore alleged ineffective assistance of counsel for failure to file an appeal following his original sentencing, errors by the district court in enhancing his base-offense level, and a challenge to the constitutionality of the Sentencing Guidelines. The district court determined that Moore's original counsel was ineffective, resulting in the failure to perfect an appeal. The district court then determined that the proper remedy was to resentence Moore enabling him to perfect an appeal. In addition, the district court appointed the federal public defender as Moore's new counsel.

Moore's newly appointed counsel filed a new set of objections to the presentence report. In this new set of objections, Moore alleged that his trial counsel was ineffective not only in failing to perfect his appeal but also in failing to properly defend him at his sentencing. He reasserted objections to specific adjustments in his base-offense level made at the original sentencing and advanced new arguments based upon additional evidence he claimed had come to light since the first sentencing.

At the resentencing hearing, Moore sought to introduce the new evidence and to make the additional arguments concerning his base-offense level. In the face of these new matters, the district court rescheduled the hearing. After consideration of memoranda directed at the court's jurisdiction, the district court concluded that it had no jurisdiction or power to consider new evidence or expanded objections not presented at the original sentencing. The premise of this conclusion was that Moore was only entitled to be placed in the same position he would hold had his original counsel perfected an

3

appeal. The district court then sentenced Moore consistent with the original sentence and Moore perfected this appeal.

## II.

We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742 (a)(2). This court reviews the district court's ruling on a jurisdictional question *de novo*. *FDIC v. Hulsey*, 22 F.3d 1472, 1479 (10th Cir. 1994).

The district court was correct to conclude that resentencing under 28 U.S.C. § 2255 is the proper remedy for a criminal defendant who has had ineffective assistance of counsel in failing to perfect an appeal. *See United States v. Davis*, 929 F.2d 554, 557 (10th Cir. 1991); *Abels v. Kaiser*, 913 F.2d 821, 823 (10th Cir. 1990). In *Davis*, this court held that resentencing enables the defendant to perfect an appeal. 929 F.2d at 557. The court has expressly noted that the purpose of resentencing is to place the defendant "back into the position he would have been had counsel perfected a timely notice of appeal." *United States v. Saucedo*, 950 F.2d 1508, 1511 (10th Cir. 1991).

Notwithstanding this expression, nothing in *Davis*, *Abels*, or *Saucedo* in any way limits the jurisdictional power of a district court in conducting a resentencing pursuant to 28 U.S.C. § 2255. Instead, these cases merely prescribe the remedy to be given to a defendant following a finding of ineffective assistance of counsel in failing to perfect an appeal. The only jurisdictional concern in *Davis* was providing a basis for appellate jurisdiction. 929 F.2d at 557. Resentencing in order to allow a criminal defendant to

timely file a notice of appeal is the remedy to secure appellate jurisdiction over the defendant's case. *Id*. *Davis*, *Abels*, and *Saucedo* do not restrict the jurisdiction of the sentencing court to only those issues and the evidence raised at the original sentencing.

In support of the position taken by the district court here, the United States analogizes to cases under Fed. R. Crim. P. 35. The authority granted under Rule 35 (c), however, is expressly narrow.[1] *United States v. Warner*, 23 F.3d 287, 290 (10th Cir. 1994). The district court here correctly noted that the particulars of Rule 35, which allows limited sentence correction within seven days, do not apply in the circumstances of Moore's resentencing; its jurisdiction arose more than seven days subsequent to the original sentencing under a § 2255 motion. *Davis*, *Abels*, and *Saucedo* recognize that 28 U.S.C. § 2255 grants a sentencing court the power to vacate the original sentence and impose a new sentence upon a motion that may be made on a number of grounds and at any time.[2] Considering these differences, it is clear that Rule 35 is not a guide for 28

---

[1]But Rule 35 does not limit a court's jurisdiction at any time to correct certain types of errors on the narrow grounds specified in Fed. R. Crim. P. 36.

[2]The statute reads, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the

(continued...)

U.S.C. § 2255.

Moore asserts that the district court was required to resentence him *de novo*. His authorities for this, however, are appellate decisions that corrected particular sentencing errors and remanded. *See, e.g.*, *United States v. Ortiz*, 993 F.2d 204, 207-08 (10th Cir. 1993); *United States v. Smith*, 930 F.2d 1450, 1455-56 (10th Cir.), *cert. denied*, 502 U.S. 879 (1991). Here, the district court itself vacated Moore's original sentence pursuant to 28 U.S.C. § 2255. In contrast to the cases cited by Moore, at this stage in the instant case, this court is not considering the type of sentencing error that would mandate *de novo* resentencing on any issue upon remand. *Compare Smith*, 930 F.2d at 1456 (vacating sentence and remanding for *de novo* sentencing) *with United States v. Davis*, 912 F.2d 1210, 1215 (10th Cir. 1990) (affirming sentence and retaining jurisdiction but requiring the district court to explain fully its Sentencing Guidelines departure decision).

Although the vacation of the sentence was here ordered by the district court, the same court that will resentence Moore, analogizing to procedures following vacation and remand by an appellate court is instructive. As this court has held, when a defendant's sentence is vacated on appeal and remanded for new sentencing, the lower court must

---

[2](...continued)
      sentence.

    A motion for such relief may be made at any time.

28 U.S.C. § 2255.

begin anew with *de novo* proceedings.  *United States v. Ortiz*, 25 F.3d 934, 935 (10th Cir. 1995).  The court went on to clarify that the *de novo* resentencing "*permits* the receipt of any relevant evidence the court could have heard at the first sentencing hearing."  *Id.* (emphasis added); *United States v. Warner*, 43 F.3d 1335, 1340 (10th Cir. 1994).  As a consequence, the court on remand has the discretion to entertain evidence that could have been presented at the original sentencing even on issues that were not the specific subject of the remand.  *See United States v. Ponce*, 51 F.3d 820, 826 (9th Cir. 1995).  This is consistent with the parameters of what has been labeled "the mandate rule":  where the appellate court has not specifically limited the scope of the remand, the district court generally has discretion to expand the resentencing beyond the sentencing error causing the reversal.[3]  *See United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994); *United States v. Cornelius*, 968 F.2d 703, 705 (8th Cir. 1992).

The First Circuit has explained that the mandate rule, which generally requires trial court conformity with the articulated appellate remand, is a discretion-guiding rule subject to exception in the interests of justice.  *United States v. Bell*, 988 F.2d 247, 251 (1st Cir. 1993).  The Fourth Circuit has summarized these exceptional circumstances as: (1) a dramatic change in controlling legal authority; (2) significant new evidence that was not earlier obtainable through due diligence but has since come to light; or (3) that blatant

---

[3]The facts of this case do not present the issue of whether the district court on remand may consider new evidence that could increase Moore's sentence.

error from the prior sentencing decision would result in serious injustice if uncorrected. *United States v. Bell*, 5 F.3d 64, 67 (4th Cir. 1993). Most importantly, the First Circuit further explained that the mandate rule is a rule of policy and practice, not a jurisdictional limitation, which thus allows some flexibility in exceptional circumstances. *Bell*, 988 F.2d at 251.

These cases demonstrate that a district court, following the appellate vacation of a sentence, possesses the inherent discretionary power to expand the scope of the resentencing beyond the issue that resulted in the reversal and vacation of sentence. It follows, then, that where the district court itself ordered the vacation, it has the discretion to determine the scope of the resentencing. Because it has this discretionary power, the district court necessarily has the jurisdiction to order *de novo* resentencing on any or all issues. The district court thus erred when it held that the limited purpose of Moore's original § 2255 motion correspondingly limited its jurisdiction in resentencing. Rather, the vacation of Moore's sentence required the district court to exercise its inherent discretion to determine the appropriate scope of the resentencing proceedings.

In addition, the district court's ruling on its jurisdictional limitations was potentially in conflict with the ability of the parties to move to raise new issues with respect to the presentence report at any time prior to the imposition of sentence. As a result of the district court's vacation of Moore's original sentence, Moore at resentencing stood in the position of a defendant who had pleaded guilty to a charge against him, had

originally briefed the sentencing issues, and was awaiting sentence. Under these circumstances, Fed. R. Crim. P. 32 (b)(6)(D) allows the parties to raise new objections to the presentence report for good cause shown. The district court's ruling on its jurisdiction was implicitly to the contrary: it eviscerated Rule 32 (b)(6)(D) and suggested that the original, but now vacated, sentence had some continuing effectiveness. After vacation of the sentence pursuant to 28 U.S.C. § 2255, however, it is Rule 32 (b) which is effective and the original sentence which is eviscerated. Rule 32 (b)(6)(D) thus provides another avenue for the district court to exercise its discretion and determine the scope of the resentencing.

Because this court has not addressed a claim of substantive sentencing error, the remand will not direct the district court to conduct *de novo* resentencing proceedings. The district court is thus under no obligation to conduct a *de novo* sentencing, although it is within its discretion under this remand to do so. It could be that on remand, the district court will determine that common sense and efficiency dictate sentencing *de novo*. On the other hand, in the exercise of its discretion, the district court could resolve not to entertain new arguments and evidence and simply rely on the original briefing and arguments. The district court, however, must exercise its discretion and determine the parameters of the resentencing hearing. The district court's ruling on its jurisdiction prevented it from exercising this discretion. Such a failure to exercise discretion when there is an obligation to do so is itself error. *ARW Exploration Corp. v. Aguirre*, 45 F.3d

9

1455, 1459 (10th Cir. 1995).

The district court's ruling on its jurisdiction is thus REVERSED and this case is REMANDED for further proceedings in accordance with this decision. In light of this remand and the reasons therefor, other issues presented by Moore are inappropriate for appellate disposition at this time.