111 F.3d 134
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cedric HATCHETT, Defendant-Appellant.
 No. 96-2540.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 14, 1997.*
Decided March 24, 1997.
 
 Before BAUER, COFFEY and MANION, Circuit Judges.
 
 ORDER
 
 1
 Cedric Hatchett pleaded guilty to Count One of an indictment for possession of cocaine base (crack cocaine) with the intent to distribute in violation of 21 U.S.C. § 841(a)(1), and Count Two for using or carrying a firearm during the commission of a drug felony in violation of 18 U.S.C. § 924(c).[1] Hatchett was sentenced to a term of 120 months' imprisonment on Count One and 60 months' imprisonment on Count Two to be served consecutively. He was also ordered to pay a $2,000 fine and a $100 special assessment, and to serve concurrent supervised release terms of eight years on Count One and three years on Count Two. We affirmed this sentence on direct appeal. United States v. Hatchett, No. 95-1892, (7th Cir. Oct. 19, 1995) (unpublished order).
 
 
 2
 In March 1996, Hatchett filed a motion pursuant to 28 U.S.C. § 2255, arguing that the Supreme Court's decision in Bailey v. United States, 116 S.Ct. 501 (1995), required that his conviction under 18 U.S.C. § 924(c) be vacated. The district court granted the motion and vacated Count Two and the $2,000 fine, but allowed a two level upward enhancement of his base offense level under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm during the commission of a drug offense.[2] See United States v. Binford, No. 96-2419, slip op. at 9-10 (7th Cir. Mar 4, 1997) (holding that after granting a § 2255 motion under Bailey, the district court could apply a two level enhancement to the base offense level for possession of a firearm). However, even though the court could have imposed a longer sentence on Hatchett for Count One due to the enhancement, the court imposed a sentence identical to the original sentence on that count.[3] Hatchett now appeals his resentencing on the ground that the district court improperly declined to consider his argument, raised for the first time in the resentencing proceedings, that the government failed to prove by a preponderance of evidence at the original sentencing that he possessed crack cocaine rather than some other form of cocaine base.[4] We affirm.
 
 
 3
 Hatchett asserts that the government failed to establish by a preponderance of the evidence that the 23.3 grams of drugs that he possessed were crack cocaine as opposed to some other form of cocaine base, such as coca paste.[5] (R. 51, Defendant's Objections to Resentencing Report at 2.) Hatchett argues that he should have been sentenced under the cocaine guidelines rather than the cocaine base (crack) guidelines, which would have given him an offense level of 12, rather than 27. At resentencing, Hatchett claimed that when he pleaded guilty to possessing crack cocaine, "He didn't understand what crack cocaine was." (Appellee's Br., App. at 29, Resentencing Hearing at 19; see Appellee's Separate App. at 3-8, 3, Plea Agreement at 1 (admitting that he knowingly possessed with intent to distribute a "substance containing cocaine base (crack)"); Appellee's Separate App. at 29, Change of Plea Hearing at 18 (admitting under oath that he possessed crack cocaine).) This issue was not raised at his original sentencing, on direct appeal, or in his § 2255 motion, and was raised for the first time in Hatchett's Objections to the Resentencing Report.[6] At resentencing, the district court properly exercised its discretion and declined to consider this issue. (Appellant's Br., App. at 29-30, Resentencing Hearing at 19-20.)
 
 
 4
 Hatchett states that the district court "erred when it held that the limited purpose of Hatchett's original § 2255 motion correspondingly limited its jurisdiction in resentencing." (Appellee's Br. at 13.) Hatchett further asserts that the vacating of his sentence required the district court to use its discretion to determine the scope of the resentencing and rule on issues objected to at the resentencing hearing. (Id.) The government agrees that the district court did have the authority to consider new objections at resentencing that had not previously been raised, but asserts that the district court acted within its discretion in refusing to consider the issue of whether the substance was crack cocaine. Contrary to Hatchett's assertion, the record does not reflect that the trial judge stated that the court lacked jurisdiction to consider other issues.[7]
 
 
 5
 As the issue of what type of cocaine base Hatchett possessed was not raised at sentencing or on direct appeal it was procedurally defaulted, however the government, by not raising this affirmative defense, has waived it. Doe v. United States, 51 F.3d 693, 698-99 (7th Cir.), cert. denied, 116 S.Ct. 205 (1995). Therefore, we will consider this appeal on the merits.
 
 
 6
 We recently held that "in a § 2255 proceeding, the district court has the authority to restructure a defendant's entire sentence even when the prisoner's petition attacks the validity of just one of the counts of conviction." United States v. Binford, No. 96-2419, slip op. at 10 (7th Cir. Mar 4, 1997) (discussing United States v. Smith, 103 F.3d 531 (7th Cir.1996)). Under the sentencing package concept, a multiple count sentence usually becomes unbundled when part of the total sentence is severed. Smith, 103 F.3d at 534. Therefore, "when a defendant raises a sentencing issue he attacks the bottom line," which allows the district court to effectuate its original sentencing intent at the resentencing. Id. However, the district court has discretion to determine the scope of its review at resentencing in light of the alteration that takes place. "When there is an alteration in the components of a sentence, the entire sentence is altered. If the alteration contains within itself potential for permeating the whole sentence, the entire sentence can be revisited." Id. at 535 (emphasis added).
 
 
 7
 After granting the § 2255 motion, the district court exercised its discretion when it determined at resentencing that the appropriate scope of review did not include considering whether Hatchett possessed some form of cocaine base other than crack. Id.; see United States v. Moore, 83 F.3d 1231, 1234 (10th Cir.1996) (stating "the district court generally has discretion to expand the resentencing beyond the sentencing error causing the reversal."). The district court reasonably concluded that the reversal of the conviction under § 924(c) for carrying or using a firearm did not justify consideration of the unrelated issue of the type of cocaine base, as opposed to the consideration of the related issue of increasing Hatchett's offense level for possession of a firearm. It is also apparent that the district court considered Hatchett's entire sentence because it vacated the $2,000 fine that Hatchett received as part of his original sentence.[8] Further, the record clearly indicates that Hatchett repeatedly admitted prior to resentencing that he possessed crack cocaine.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This successive appeal has been submitted to the same panel under Operating Procedure 6(b). After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appellant's request for oral argument is denied and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 A third count for possession of a firearm by a felon in violation of 18 U.S.C. § 922(g) was dismissed by the government. United States v. Hatchett, No. 95-1892, 1995 WL 620971, at * 1 (7th Cir. Oct. 19, 1995) (unpublished order)
 
 
 [2]
 This enhancement was prohibited at Hatchett's original sentencing due to the restriction on double counting and his conviction under 18 U.S.C. § 924(c) (Count Two). However, we have held that once a conviction under § 924(c) is vacated under Bailey, the district court can resentence on other interdependent convictions and increase the offense level pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a firearm. United States v. Jackson, 103 F.3d 561, 569 (7th Cir.1996)
 
 
 [3]
 At his first sentencing Hatchett's offense level was 25. His sentencing range was determined to be 120 to 125 months because the statutory mandatory minimum for his offense was 120 months. U.S.S.G. § 5G1.1(c)(2). At resentencing his offense level was 27, which resulted in a sentencing range of 120 to 150 months. Hatchett was resentenced to 120 months imprisonment to be followed by eight years' of supervised release
 
 
 [4]
 Note (D) to the Drug Quantity Table located in U.S.S.G. § 2D1.1(c) states:
 "Cocaine base," for the purposes of this guideline, means "crack." "Crack" is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form.
 
 
 [5]
 In his Objections to the Resentencing Report and at resentencing, Hatchett also raised two other objections. He objected to the imposition of the $2,000 fine because of his inability to pay the fine, which the district court subsequently vacated. Hatchett also raised an objection that there was insufficient evidence that he possessed the gun that was located between the mattress and bed frame in his residence where the drugs were seized. Hatchett does not raise this issue on appeal
 
 
 [6]
 At his original sentencing, Hatchett objected to the difference between penalties for crack and powder cocaine, but did not object to the fact that the actual substance that he possessed was crack cocaine. (Presentence Investigation Report (PSR) of Feb. 22, 1995, at 21.) He also raised the same sentencing discrepancy on direct appeal. Hatchett, 1995 WL 620971, at * 7
 
 
 [7]
 At resentencing the district court did discuss its jurisdiction, however, when referring to convictions and issues not affected by the resentencing, the court stated "the door is not open to take a new look." (Appellee's Br., App. at 22-23, Resentencing Hearing at 12-13.) In making this statement the court was merely acting within its discretion to determine what was its proper scope of review
 
 
 [8]
 The district court vacated the fine because Hatchett argued that his economic inability to currently make payments towards the fine would result in him receiving the least desirable housing while incarcerated. (Appellant's Br., App. at 37-39, Re-Sentencing Hearing at 27-29.)