**F I L E D**

# UNITED STATES COURT OF APPEALS

**JUN 24 1998**

## TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

HAROLD ONEE BEHRENS, also
known as Buddy Behrens,

    Defendant-Appellant.

No. 97-7095
(D.C. No. 96-CV-563-S)
(EOK)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **BRORBY** and **BRISCOE**, Circuit Judges.

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

    In this 28 U.S.C. § 2255 proceeding, Harold Onee Behrens challenges the

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

district court's jurisdiction to resentence him on his remaining related drug trafficking convictions after vacating his conviction for using a firearm during the course of a drug offense. We hold the district court has jurisdiction, and affirm the district court's resentencing.

Mr. Behrens, along with several other co-defendants, was convicted of multiple drug offenses and two counts of using and carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). On direct appeal, we vacated Mr. Behrens' convictions on three counts, including one of the section 924(c) firearm counts. United States v. Johnson, 977 F.2d 1360 (10th Cir. 1992). The district court subsequently entered an order correcting Mr. Behrens' judgment and sentence in accordance with our decision in Johnson.

Following the disposition of Mr. Behrens' direct appeal, the United States Supreme Court decided Bailey v. United States, 116 S. Ct. 501 (1995). In light of Bailey, Mr. Behrens filed a petition under 28 U.S.C. § 2255 seeking to vacate his remaining section 924(c) firearm conviction. The district court granted Mr. Behrens' petition and ordered that his sentence be recalculated for the purpose of resentencing him on his remaining related drug convictions. The amended presentence report recommended a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm during the drug offenses. This enhancement was not available to the district court in Mr. Behrens' original

sentencing because of his section 924(c) convictions.  See U.S.S.G. § 2K2.4, comment. (backg'd) (enhancement under § 2D1.1(b)(1) precluded where defendant also convicted under 18 U.S.C. § 924(c)).  Mr. Behrens unsuccessfully objected to this two-level enhancement.  The district court concluded that Mr. Behrens was subject to the section 2D1.1(b)(1) enhancement and resentenced him to concurrent terms of 240 months for the three remaining drug counts and a concurrent term of 60 months for the remaining conspiracy count.

Mr. Behrens' sole argument on appeal is that the district court lacked jurisdiction to resentence him on his remaining convictions.  We review de novo the district court's jurisdiction to resentence a defendant on drug and conspiracy convictions.  United States v. Moore, 83 F.3d 1231, 1233 (10th Cir. 1996).  We recently addressed the precise issue before us in a case involving virtually identical circumstances.  In United States v. Mendoza, 118 F.3d 707, 708 (10th Cir. 1997), we held that a "district court, following the vacatur of a conviction for using a firearm during the course of a drug offense, see 18 U.S.C. § 924(c), in a 28 U.S.C. § 2255 proceeding, has jurisdiction to resentence the defendant on remaining related convictions."  As Mr. Behrens concedes, "[n]o significant difference has been identified between the facts of this case, and the facts of Mendoza, which would compel a different result."  Aplt. Br. at 9.  The district court here clearly had jurisdiction to resentence Mr. Behrens on his remaining

convictions.

We **AFFIRM** the district court.[1]

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

---

[1] After the principal briefs in this appeal were filed, Mr. Craig Bryant, Mr. Behrens' original counsel, moved for leave to substitute counsel. We entered an order substituting Mr. Stephen J. Greubel as counsel for Mr. Behrens. Pending before us is a motion by Mr. Greubel to withdraw as counsel for the appellant. We grant Mr. Greubel's application to withdraw as counsel.