**UNITED STATES of America, Plaintiff,**

v.

**Delaine GIPSON and Edward Lee Harris, Defendants.**

**Nos. 91–CR–256L, 92–CR–224L, 97–CV–6138L, 97–CV–6139L, 97–CV–6145L, 97–CV–6146L.**

United States District Court, W.D. New York.

Sept. 11, 1998.

Christopher V. Taffe, U.S. Attorney Office, Rochester, NY, for U.S.

Delaine Gipson, Alderson, WV, pro se.

William Clauss, Federal Public Defender, Rochester, NY, Alan Dexter Bowman, Alan Dexter Bowman, P.A., Newark, NJ, for Edward Lee Harris.

## DECISION AND ORDER

LARIMER, Chief Judge.

In Decisions and Orders entered on May 29, 1997, familiarity with which is presumed, I granted motions by defendants Delaine Gipson and Eddie Lee Harris to vacate their sentences pursuant to 28 U.S.C. § 2255 based on my prior failure to advise defendants at the time of their original sentencing of their right to appeal. Both Gipson and Harris now seek to raise several issues with respect to their resentencing, none of which were raised at their original sentencing.

Specifically, Gipson asks the court to consider her contentions that: the government breached Gipson's plea agreement by not moving for a downward departure pursuant to § 5K1.1 of the United States Sentencing Guidelines; the government acted in bad faith in failing to move for a reduction in Gipson's sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure; Gipson is entitled to application of the so-called "safety valve" provision of 18 U.S.C. § 3553(f); and Gipson should be granted a downward departure based on her alleged post-conviction rehabilitative efforts.

Harris likewise contends that the government acted in bad faith in not moving for a § 5K1.1 downward departure. He also asserts that the government thwarted his efforts to cooperate with the government following the entry of Harris's guilty plea. Harris seeks to raise certain factual issues

about the offense as well. He requests that he either be granted a downward departure or be allowed to withdraw his plea.

To the extent that these issues could have been raised, but were not, at the time of the original sentencing, I am not going to consider them now. For one thing, defendants are not being resentenced due to some substantive defect in their original sentences. The only reason defendants are being resentenced is so that the court can advise them of their right to appeal from the judgment and impose sentence *de novo*. To correct that defect, it is not necessary to revisit the entire sentencing procedure. *See Gaeta v. United States*, 921 F.Supp. 864, 866 (D.Mass.1996) ("[t]he ordinary remedy for the court's failure to advise a defendant of his right to appeal is to vacate and reimpose the same sentence, thereby reinstating the defendant's right to file a notice of appeal"); *see also United States v. Cornelius*, 968 F.2d 703, 706 (8th Cir.1992) (district court correctly refused to consider new evidence relating to defendant's sentence enhancement as a career offender because that determination was not before district court on remand for resentencing).

Secondly, assuming *arguendo* that I have discretion to conduct a *de novo* sentencing, I see no reason to do so with respect to issues that defendants could have raised at their original sentencing, but failed to do so. All of the matters now raised were known and could have been raised at the time of the original sentencing. Not a word was mentioned at that proceeding concerning the defalcation of the government raised here. Only two of the issues sought to be raised by defendants do not fall into that category: whether Gipson is entitled to the benefit of the safety valve provision, and whether she should receive a downward departure based on her rehabilitative efforts.

At no time prior to defendants' filing of their § 2255 motions did either of them raise any objections regarding the government's failure to move for a downward departure, or any of the other issues that they now want the court to consider. In this situation, where the reason for resentencing has nothing to do with the issues sought to be raised, the district court has wide discretion in determining the scope of the resentencing hearing. Although in some cases *de novo* sentencing may be appropriate, the court may also decide "not to entertain new arguments and evidence and simply rely on the original briefing and arguments." *United States v. Moore*, 83 F.3d 1231, 1235 (10th Cir.1996). Given the complete failure of either defendant to raise any of the issues that they now seek to litigate, I see no reason to allow them to do so at this late date simply because the court did not advise them of their right to appeal.

Harris also contends that his plea should be vacated because the Supreme Court's decision in *Melendez v. United States*, 518 U.S. 120, 116 S.Ct. 2057, 135 L.Ed.2d 427 (1996), "negated the bargain" struck between Harris and the Government. Letter to court from Alan Dexter Bowman, Esq., Feb. 3, 1998, at 9. In *Melendez*, the Court held that a district court cannot impose a sentence below a statutory mandatory minimum unless the government moves for such a reduction pursuant to 18 U.S.C. § 3553(e), and that § 5K1.1 only allows the court to depart from the *Guidelines* range, not below a *statutory* minimum. *Melendez*, 518 U.S. at 125–26, 131, 116 S.Ct. 2057. Since Harris was sentenced to the mandatory minimum here—twenty years—he contends that, even if the government were now to make a § 5K1.1 motion, his sentence would remain the same.

Even assuming all that to be true, however, I fail to see how that provides a basis for allowing Harris to withdraw his plea. Prior to *Melendez*, the law in the Second Circuit was that a § 5K1.1 motion did allow the court to sentence below a statutory mandatory minimum. *See, e.g., United States v. Cheng Ah–Kai*, 951 F.2d 490, 492–93 (2d Cir.1991). The fact remains that at the time of his plea, Harris knew that he might receive a twenty-year sentence, and at the time of his sentencing, he knew that the government had not moved to depart below the twenty-year minimum, yet at neither time did he raise any objections or concerns over this issue. This is not a situation, then, in

which a defendant enters into a plea bargain only to discover that subsequent case law has invalidated the whole basis of the bargain, to his detriment. The *Melendez* decision is not the reason that Harris did not receive a sentence of less than twenty years; rather, the government did not make a § 5K1.1 motion (which would not necessarily have been granted), and Harris failed to raise any objection until years later, when his sentence was vacated on grounds wholly unrelated to the sentence itself. The purpose of Harris's resentencing is to advise him of, and preserve, his right to appeal to the extent that there are issues to be raised on appeal, and his resentencing should not confer the added windfall of allowing him belatedly to raise issues that he failed to raise at his original sentencing. The fact remains that they did have a full and fair opportunity to raise all of the other issues that they now seek to litigate, but failed to do so. They have offered no reasons why that failure should be excused, and in the interests of fairness and efficiency, I see no good reason why they should now be permitted to raise a whole host of issues now that could certainly have been raised previously.

As stated, the only exceptions here are Gipson's arguments concerning § 3553(f) and her alleged rehabilitation. Section 3553(f), which was enacted in 1994, allows the court to impose a sentence below a statutory minimum if the court makes certain findings. Although it depends on resolution of certain factual matters, it appears possible that Gipson may qualify for relief under this subsection. Since § 3553(f) did not exist at the time of Gipson's original sentencing, it would be inequitable not to allow her to raise this issue now.

Moreover, § 3553(a)(4)(A) provides that the court should sentence a defendant under the Guidelines "that are in effect on the date the defendant is sentenced ..." Section 5C1.2 of the Guidelines, the language of which tracks § 3553(f), also became effective in 1994. Section 3553(a)(4)(A) therefore mandates that the court apply the Guidelines now in effect, which means that Gipson should be allowed at least to request that she be given the benefit of the safety-valve provision.

Logic and fairness also dictate that Gipson be allowed to request that she be given a downward departure based on her alleged attempts at rehabilitation. Several years have passed since her original sentencing, and there may be new circumstances that would have been impossible for Gipson to have brought to the court's attention at her prior sentencing.

For the court to assess the merits of Gipson's requests concerning § 3553(f) and her rehabilitation, I believe it best to have the United States Probation Office update her Presentence Report and advise the court of its recommendations in this regard. I am therefore directing the Probation Office to submit a revised Presentence Report on defendant Gipson within twenty (20) days of the date of entry of this Decision and Order.

### CONCLUSION

The United States Probation Office shall submit to the court a revised Presentence Report on defendant Delaine Gipson within twenty (20) days of the date of entry of this Decision and Order. Sentencing for defendant Delaine Gipson will be held on October 16, 1998 at 10:30 a.m.

Sentencing for defendant Edward Lee Harris will be held on September 28, 1998 at 11:00 a.m.

IT IS SO ORDERED.