**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 29 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MICHAEL SEAN EDMOND,

Defendant-Appellant.

No. 97-1451
(D.C. No. 96-Z-2518)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON, BARRETT,** and **TACHA** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant-appellant Michael Sean Edmond appeals from the district court's order dismissing his motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. [1] We previously granted appellant a certificate of appealability (COA) on the following issue: "Whether appellant's trial attorney rendered ineffective assistance of counsel in representing him in this case, by failing to file a timely notice of appeal when he requested her to do so." United States v. Edmond, No. 97-1451, at 1 (10th Cir. Aug. 24, 1998) (order). The government has now filed a brief in which it concedes that appellant raised this issue before the district court, but the district court failed to address it. The record supports the government's concession. [2]

---

[1] Appellant raises the following issues: (1) his attorney and the district court failed to advise him of his right to direct appeal; (2) his guilty plea was involuntary, because there was not a factual basis for his conviction under 18 U.S.C. § 924(c)(1); (3) he was not adequately advised of the elements of a violation of § 924(c)(1), nor the penalties he faced in pleading guilty to a violation of that statute; (4) his Fed. R. Crim. P. 11 claims were prejudiced by his attorney's failure to file a timely notice of appeal; (5) the government failed to provide him with exculpatory evidence; (6) he was intimidated or coerced into pleading guilty; (7) his attorney failed to advise him of the correct maximum sentence he faced; and (8) his attorney was ineffective in this case. Appellant has requested a COA as to these issues.

[2] Appellant apparently was released from incarceration on September 16, 1998. He has indicated his desire to continue with this appeal. The government argues that this appeal is not moot, because appellant remains subject to collateral consequences resulting from his conviction. See Carafas v. LaVallee, 391 U.S. 234, 237 (1968). We also note that appellant's sentence requires that he serve three years of supervised release after the expiration of his prison sentence. A term of supervised release subjects the movant to significant restrictions on his

(continued...)

-2-

The correct step at this juncture is to remand this case for further proceedings on the ineffectiveness issue.    Cf. Romero v. Tansy , 46 F.3d 1024, 1031 (10th Cir. 1995) (remanding, in 28 U.S.C. § 2254 proceeding, for determination of whether petitioner waived his right to appellate counsel).  If, after pursuing any necessary development of the record, the district court finds that appellant's counsel was constitutionally ineffective, it should resentence appellant and permit him to perfect a direct appeal.    See United States v. Moore , 83 F.3d 1231, 1233 (10th Cir. 1996).  Given our disposition of this issue, it is unnecessary for us to reach the merits of appellant's other issues at this time.

The judgment of the United States District Court for the District of Colorado is VACATED, and this case is REMANDED to the district court for further proceedings in light of this order and judgment.

Entered for the Court

Deanell Reece Tacha
Circuit Judge

---

[2](...continued)
liberty, preventing his § 2255 motion from becoming moot.    See United States v. Brown , 117 F.3d 471, 475 (11th Cir. 1997).  In either event, we agree that the appeal is not moot.