**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 23, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MICHAEL C. REDIFER,

    Defendant - Appellant.

No. 17-3127
(D.C. No. 2:12-CR-20003-CM-10)
(D. Kansas)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.
_____

Michael Redifer challenges his 254-month sentence, which was imposed on remand after affirmance of his conviction by this court. Mr. Redifer's appointed counsel filed a brief and moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we grant counsel's motion to withdraw and dismiss the appeal.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

Mr. Redifer was convicted of conspiracy to possess with intent to distribute and distribution of fifty grams or more of methamphetamine. The district court sentenced him to 360 months' imprisonment followed by a five-year term of supervised release. On direct appeal, we affirmed Mr. Redifer's conviction but remanded the case for resentencing because the presentence report (PSR) incorrectly calculated the drug quantity attributable to Mr. Redifer. *United States v. Redifer*, 631 F. App'x 548, 570–71 (10th Cir. 2015) (unpublished).

On remand, the district court recalculated the quantity of drugs attributed to Mr. Redifer and lowered his sentence from 360 months to 254 months. Mr. Redifer timely appealed. Mr. Redifer's appointed counsel filed a brief and Motion to Withdraw as Counsel under *Anders v. California*.

In *Anders*, the Supreme Court held that if counsel finds an appeal to be "wholly frivolous, after a conscientious examination . . . he should so advise the court and request permission to withdraw." 386 U.S. at 744. Accompanying the request to withdraw, counsel must also: 1) file a brief identifying anything in the record that might arguably support the appeal and 2) deliver a copy of the brief to his client and allow the client time to raise any challenges or claims he chooses. *Id.* This court must then, "after a full examination of all the proceedings," decide whether the case is wholly frivolous. *Id.* If, after an independent review of the record, we find there are no nonfrivolous claims, we may grant counsel's request to withdraw and

2

dismiss the appeal. *Id.* If, however, we find "any of the legal points arguable on their merits," we must afford the defendant assistance of counsel to argue his appeal. *Id.*

In his *Anders* Brief, counsel argues that he has examined the entire record and found no meritorious grounds for appeal. Consequently, he requests permission to withdraw as Mr. Redifer's counsel. Counsel first notes that six of the eight issues Mr. Redifer wishes to raise on appeal relate to Mr. Redifer's conviction, and are thus barred under the law of the case doctrine. The remaining two issues relate to Mr. Redifer's sentence and are similarly meritless. First, Mr. Redifer challenges the scope of our remand, but counsel correctly notes that Mr. Redifer's argument is barred by the mandate rule. Second, counsel has found no nonfrivolous grounds for supporting Mr. Redifer's argument that the sentence is procedurally or substantively unreasonable.

Mr. Redifer responded to counsel's *Anders* motion. In his Response, Mr. Redifer indicates he no longer desires formal representation by his appointed counsel, but he contends his appeal should not be dismissed. Relying on the same eight issues addressed by counsel, Mr. Redifer urges this court to reverse his conviction and sentence.

Because our independent review is consistent with counsel's assessment of Mr. Redifer's claims, we dismiss the appeal and grant the motion to withdraw.[1]

---

[1] Because Mr. Redifer's Response was submitted pro se, we liberally construe his arguments. *See White v. Colorado,* 82 F.3d 364, 366 (10th Cir. 1996). However, our liberal construction does not relieve the plaintiff of his burden to present

3

## II.    DISCUSSION

Mr. Redifer raises six claims challenging the constitutionality of his conviction: two claims of unconstitutional actions by the government and his appointed counsel, one claim of ineffective assistance of counsel, two claims regarding witness coercion and hearsay, and one claim of abuse of discretion by the district court in denying his Motion for Acquittal. Mr. Redifer also raises two claims related to his sentence: one claim alleging that our mandate to the district court for resentencing was incorrect and that the district court should have gone beyond the scope of our mandate and one claim alleging that his sentence should be vacated because the district court relied on illegally obtained evidence and coerced testimony. For the reasons we now discuss, none of the claims provides a nonfrivolous ground for appeal.

### A.  *Mr. Redifer's Claims Regarding his Conviction*

Regarding his conviction, Mr. Redifer alleges that his counsel was ineffective by failing to communicate with Mr. Redifer throughout his trial and for not advancing arguments Mr. Redifer requested be advanced on his behalf. Next, Mr. Redifer argues that counsel and other government employees "willfully conspir[ed]" to participate in unconstitutional acts leading to his "unlawful" conviction, including illegally obtaining evidence and suppressing exculpatory evidence offered by Mr. Redifer. He also claims to possess new evidence that key government witnesses

---

sufficient facts to state a legally cognizable claim, and we will not make his arguments for him. *Id.*

4

committed perjury and were coerced by the prosecutor to provide false testimony. These claims are barred by the law of the case doctrine.

Under that doctrine, "when a case is appealed and remanded, the decision of the appellate court establishes the law of the case and ordinarily" precludes "both the trial court on remand and the appellate court in any subsequent appeal" from revisiting issues already decided. *Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1183 (10th Cir. 1995); *see Bishop v. Smith*, 760 F.3d 1070, 1084 (10th Cir. 2014). This doctrine exists in large part to prevent the "continued re-argument of issues already decided." *Gage v. Gen. Motors Corp.*, 796 F.2d 345, 349 (10th Cir. 1986). On direct appeal, we upheld Mr. Redifer's conviction. *Redifer*, 631 F. App'x at 552. Therefore, Mr. Redifer is barred from raising these claims unless he can satisfy one of the three exceptions to the law of the case doctrine.

To satisfy the "exceptionally narrow" grounds for departure from the law of the case doctrine, Mr. Redifer must prove that: (1) the "evidence in a subsequent trial is substantially different;" (2) the "controlling authority has subsequently made a contrary decision of the law applicable to such issues;" or (3) the "decision was clearly erroneous and would work a manifest injustice." *See United States v. Alvarez,* 142 F.3d 1243, 1247 (10th Cir. 1998).

Mr. Redifer cannot satisfy any of the exceptions to the law of the case doctrine. He has not identified, and we have not located in the record, any new evidence that is substantially different from the evidence already considered by this court. *See Wessel v. City of Albuquerque*, 463 F.3d 1138, 1144 (10th Cir. 2006). He

has cited no cases, and we are aware of none, identifying a change in authority. *See Zinna v. Congrove*, 755 F.3d 1177, 1182 (10th Cir. 2014) (holding that the defendant's claim was barred by the law of the case doctrine where he did not cite any cases from this court to support his claim that an exception should apply). And Mr. Redifer has not shown, and our independent review has not revealed, that the decision was clearly erroneous and would work a manifest injustice. *See Alvarez*, 142 F.3d at 1247.

Mr. Redifer's claims challenging his conviction are barred by the law of the case doctrine. Therefore, the appeal of these issues is wholly frivolous.

### B. Mr. Redifer's Claims Regarding his Sentence

Mr. Redifer also raises two challenges concerning his sentence. First, Mr. Redifer argues that our mandate to the district court should be revoked to avoid a manifest injustice. Second, Mr. Redifer argues that his sentence should be vacated because the district court relied on illegally obtained evidence and false testimony in resentencing him.

Similar to the law of the case doctrine, the mandate rule states that a district court on remand "must comply strictly with the mandate rendered by the reviewing court." *Colo. Interstate Gas Co. v. Nat. Gas Pipeline Co. of Am.*, 962 F.2d 1528, 1534 (10th Cir. 1992). Therefore, district courts may decide issues that are "part and parcel" of the remanded issue, but should not deviate beyond the scope of an appellate court's mandate. *Mason v. Texaco, Inc.*, 948 F.2d 1546, 1553–54 (10th Cir.

1991). However, the mandate rule is a "discretion-guiding" rule subject to the interests of justice. *United States v. Moore*, 83 F.3d 1231, 1234 (10th Cir. 1996).

Here, our mandate to the district court was quite limited: a "remand for resentencing, with further findings concerning the appropriate drug quantity to be attributed" to Mr. Redifer. *Redifer*, 631 F. App'x at 570. To convince us to depart from this mandate, Mr. Redifer must show that an exception to the mandate rule applies. *See Moore*, 83 F.3d at 1234. Exceptions which might supersede the mandate rule include: "(1) a dramatic change in controlling legal authority; (2) significant new evidence that was not earlier obtainable through due diligence but has since come to light; or (3) that blatant error from the prior sentencing decision would result in serious injustice if uncorrected." *Id.* Moreover, while courts have the power to modify a mandate that was "procured by fraud" and to "prevent an injustice, or to preserve the integrity of the judicial process," revoking or modifying a judicial mandate is only proper in "extraordinary circumstances." *Ute Indian Tribe of Uintah and Ouray Reservation v. Utah*, 114 F.3d 1513, 1522 (10th Cir. 1997) (quotation marks omitted).

Upon independent review, we are unpersuaded that our mandate to the district court should be revoked or modified. Mr. Redifer has failed to argue that an exception to the mandate rule should apply, and our review of the record reveals no extraordinary circumstances that would warrant such relief. Mr. Redifer has failed to show a dramatic change in controlling legal authority, and we are aware of none. *See Moore*, 83 F.3d at 1234. Similarly, Mr. Redifer has not directed us to, and we have

7

not identified, any significant newly discovered evidence. *See Wessel*, 463 F.3d at 1144. Finally, there is no evidence that the district court made an error in reaching its sentencing decision, much less a blatant error that would result in serious injustice if uncorrected. *See Moore*, 83 F.3d at 1234. Therefore, Mr. Redifer's first challenge to his sentence is barred by the mandate rule.

Mr. Redifer next argues that his sentence should be vacated because the district court relied upon coerced and unreliable testimony from two witnesses.[2] We construe this argument as a challenge to the reasonableness of the district court's sentence. Again we agree with counsel that this claim lacks merit.

When a sentence is remanded, the district court must look to the appellate court's mandate for "any limitations on the scope of the remand and, in the absence of such limitations, exercise discretion in determining the appropriate scope." *United States v. West*, 646 F.3d 745, 749 (10th Cir. 2011). Here, our mandate was limited to "resentencing, with further findings concerning the appropriate drug quantity" attributable to Mr. Redifer. *Redifer*, 631 F. App'x at 570. Thus, the only issues properly before the district court, and thus available for review on appeal, are the

---

[2] To the extent that Mr. Redifer challenges the credibility of the witnesses' testimony, such determinations are within the province of the district court. *See United States v. Villa-Chaparro*, 115 F.3d 797, 801 (10th Cir. 1997). Furthermore, Mr. Redifer unsuccessfully challenged the use of his co-defendants' hearsay statements and their alleged perjured testimony on direct appeal. *United States v. Redifer*, 631 F. App'x 548, 558–59 (10th Cir. 2015) (unpublished). The law of the case doctrine bars further review of this claim. *See Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1183 (10th Cir. 1995). We therefore do not address Mr. Redifer's argument that the district court should not have relied on the witnesses' testimony; instead, we determine only whether the district court's sentence was reasonable in light of the evidence presented to it.

calculation of the quantity of drugs attributable to Mr. Redifer and the appropriate sentence under that quantity.

We review the district court's sentence for reasonableness under a deferential abuse-of-discretion standard. *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1214 (10th Cir. 2008). "Reasonableness review is a two-step process comprising a procedural and a substantive component." *Id.* (quotation marks omitted). "Procedural review asks whether the sentencing court committed any error in calculating or explaining the sentence." *Id.* Substantive review looks at "whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *Id.* at 1215 (quotation marks omitted).

A review of the record reveals no procedural deficiencies in the district court's sentencing calculation. The district court relied upon the Second Amended PSR to recalculate Mr. Redifer's Guidelines sentencing range. The updated PSR directly addressed and corrected for the errors in the first PSR; namely, the lack of evidence tying Mr. Redifer to drug activity between December 2010 and mid-May 2011. *See Redifer*, 631 F. App'x at 569–70. Using the updated PSR, the district court concluded that Mr. Redifer was responsible for 737.1 grams of methamphetamine during the months of September, October, and part of November, 2010. This placed Mr. Redifer's base offense level at 30.[3] After taking into consideration several offense

---

[3] Counsel notes that strictly following our prior consideration of the issue would yield 594 grams attributable to Mr. Redifer. And at the resentencing hearing, defense counsel argued the appropriate drug quantity was 510.29 grams. But, as a base offense level of 30 encompasses a range of 500 grams to 1.5 kilograms of

characteristics, the district court arrived at a total offense level of 38 which, when paired with Mr. Redifer's criminal history category of 2, resulted in a Guidelines sentencing range of 262 to 327 months. Relying on the sentencing factors identified in 18 U.S.C. § 3553(a)(2), the district court tentatively sentenced Mr. Redifer at the lowest end of the Guidelines range and, after granting him credit for serving eight months on a related state court conviction, imposed a final sentence of 254 months' imprisonment.

The district court's sentence "is entitled to a presumption of substantive reasonableness on appeal" because it is within Mr. Redifer's properly calculated Guidelines sentencing range. *See Alapizco-Valenzuela*, 546 F.3d at 1215. Mr. Redifer has failed to identify, and independent review of the record does not reveal, any evidence that the district court abused its discretion by acting in a way that "was arbitrary, capricious, whimsical, or manifestly unreasonable when it weighed the permissible § 3553(a) factors." *United States v. Sanchez-Leon*, 764 F.3d 1248, 1267 (10th Cir. 2014) (internal quotation marks omitted). Thus, the district court's sentence is reasonable.

After a thorough review of the record, we agree with counsel that Mr. Redifer's appeal is wholly frivolous.

---

methamphetamine, either quantity would yield the same sentencing range. Therefore, any potential error was harmless.

**CONCLUSION**

We grant counsel's Motion to Withdraw, and we dismiss Mr. Redifer's appeal.[4]

Entered for the Court

Carolyn B. McHugh
Circuit Judge

---

[4] In addition to his Response, Mr. Redifer has submitted a *Notice of Confusion* and a *Motion to Correct the Record on Appeal*. We interpret the *Notice of Confusion* as a *Motion to Compel the Government to File a Response to the Anders Brief.* We deny both motions.

11