**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 14, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JEREMY DAVID JOHNSON,

Defendant - Appellant.

No. 19-4000
(D.C. No. 2:11-CR-00501-DB-PMW-1)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **MORITZ**, **McKAY**, and **CARSON**, Circuit Judges.

In this appeal, Defendant Jeremy Johnson challenges the district court's decision

not to conduct a de novo resentencing on remand from a prior appeal.

At the conclusion of a six-week jury trial, Defendant was found guilty on eight

counts of making a false statement in violation of 18 U.S.C. § 1014. Prior to sentencing,

the parties extensively briefed various sentencing issues, particularly focusing on the

question of loss, which Defendant recognized to be "[b]y far[] the most important factor

in [his] sentencing." (Appellee's Suppl. App. at 838.) At his sentencing

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

hearing—conducted by the same district judge who had presided over his lengthy jury trial—the district court heard additional arguments from the parties before finding the amount of loss to be approximately $1.67 million, which resulted in a sixteen-level enhancement under U.S.S.G. § 2B1.1(b)(1)(I). Based on this and other enhancements, including a two-level enhancement for deriving more than $1 million in gross receipts from a financial institution, *see* U.S.S.G. § 2B1.1(b)(17)(A), the court calculated a total offense level of 33, with a corresponding advisory sentencing range of 135–168 months. The court ultimately imposed a bottom-of-the-guidelines sentence of 135 months.

Defendant appealed his convictions and sentence to this court. *See United States v. Johnson*, 732 F. App'x 638 (10th Cir. 2018). Among other issues, he raised several arguments regarding the district court's calculation of loss under U.S.S.G. § 2B1.1(b)(1). We declined to address some of these arguments based on waiver and rejected the rest on the merits. *Johnson*, 732 F. App'x at 659–62. We also affirmed Defendant's convictions and rejected his challenge to another sentencing enhancement. *Id.* at 642, 662–64. However, we concluded that the district court had erred in imposing the two-level "gross receipts" enhancement, and we reversed and remanded for resentencing based on this error. *Id.* at 664.

On remand, the original sentencing judge recused himself, and the case was assigned to a different district judge. The government argued that the resentencing court should simply reduce the previously calculated offense level by two, resulting in an

advisory guideline range of 108–135 months, and impose a sentence based on this range. Defendant contended that the court should instead conduct a de novo resentencing, specifically hearing new evidence on the question of loss and recalculating the loss figure de novo. In response, the government took the position that the district court had discretion to conduct a de novo resentencing but should decline to do so.

At the resentencing hearing, the court began by "recogniz[ing] that under these circumstances . . . this Court has discretion what to do and how far to go in conducting this sentencing hearing today." (Appellant's App. at 357–58.) The court stated that it was strongly inclined to limit sentencing to the two-level enhancement that was the reason for the Tenth Circuit's remand, but it heard arguments from both parties on this point before ultimately deciding not to conduct a de novo resentencing. In explaining why it would not conduct a de novo resentencing, the resentencing court noted that, as this court had explained on appeal, the original sentencing judge was in a "unique position to assess the evidence and estimate the loss" after presiding over the six-week jury trial and conducting Defendant's sentencing proceeding; moreover, the resentencing court noted that this court had affirmed the loss calculation as "a reasonable estimate of the loss" on appeal. *Johnson*, 732 F. App'x at 661 (internal quotation marks omitted). The resentencing judge told Defendant: "You're asking me now to re-plow that ground that [the original sentencing judge] plowed[,] . . . and we would spend the next 90 days, at least, trying to figure it out." (Appellant's App. at 364.) Thus, based primarily on the

original sentencing judge's much more extensive experience with this case and the fact that his loss estimate had been upheld by this court on appeal, the resentencing court ruled that it would not "allow an evidentiary hearing to go over what has already been done." (*Id.* at 362.) The resentencing court then calculated a new offense level of 31, with an advisory guideline range of 108–135 months, and imposed a below-guidelines sentence of 87 months of imprisonment based on "what [it saw] as some humility and some ability to be a law-abiding citizen" in Defendant. (*Id.* at 376–78.)

On appeal, Defendant argues that the resentencing court abused its discretion by declining to conduct a de novo resentencing focused on the issue of loss.

When a remand order does not direct the district court either to conduct a de novo resentencing or to limit the extent of resentencing, "[t]he district court is . . . under no obligation to conduct a *de novo* sentencing, although it is within its discretion . . . to do so." *United States v. Moore*, 83 F.3d 1231, 1235 (10th Cir. 1996). "It could be that on remand, the district court will determine that common sense and efficiency dictate sentencing *de novo*." *Id.* "On the other hand, in the exercise of its discretion, the district court could resolve not to entertain new arguments and evidence and simply rely on the original briefing and arguments." *Id.* Either way, the district court has the discretion to "determine the parameters of the resentencing hearing." *Id.*

"A district court abuses its discretion when it renders an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *United States v. Silva*, 889 F.3d 704,

709 (10th Cir. 2018) (internal quotation marks omitted). "A district court's decision will be reversed 'only if the court exceeded the bounds of permissible choice, given the facts and the applicable law in the case at hand.'" *Id.* (quoting *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007)). "That is to say, we recognize that in many cases there will be a range of possible outcomes the facts and law at issue can fairly support; rather than pick and choose among them ourselves, we will defer to the district court's judgment so long as it falls within the realm of these rationally available choices." *McComb*, 519 F.3d at 1053. "And there are perhaps few arenas where the range of rationally permissible choices is as large as it is in sentencing." *Id.*

As an initial matter, Defendant suggests that the resentencing court legally erred by failing to recognize its discretionary authority to conduct a de novo resentencing. *See Moore*, 83 F.3d at 1235. This argument rests on two record citations that are taken out of context. First, Defendant cites the resentencing court's statement that holding an evidentiary hearing on loss would not be "consistent with what the law of the case is and how [the original sentencing judge] saw this case" (Appellant's App. at 377), and he argues that this shows that the district court incorrectly believed that the law of the case precluded it from conducting a de novo resentencing. Second, Defendant quotes the district court's statement—made immediately after the court explained its reasons for imposing a below-guidelines sentence and before it reiterated why it would not reopen the issue of loss—that "[t]hey can appeal me on this. This is not the solidest ground I could

be on." (*Id.*)

Neither of these statements calls into question all of the other record evidence that the district court fully recognized its discretionary authority to conduct a de novo resentencing but declined to do so here as a discretionary matter.[1] In context, the district court did not suggest that the law of the case precluded it from conducting a de novo resentencing; rather, the court referred to the law of the case to explain why it was persuaded that it should not exercise its discretion to reopen an issue that had already been resolved in the earlier proceeding and affirmed on appeal.[2] As for the district court's statement that "[t]hey can appeal me on this" (*id.*), this statement appears to refer to the immediately preceding discussion of the downward variance rather than to the

---

[1] On appeal, the government argues that the district court's discretion was in fact constrained by the law-of-the-case doctrine and/or the mandate rule. The government contends that we can thus affirm the district court's denial of a de novo resentencing proceeding on the alternative ground that the district court lacked the authority to conduct such a proceeding in the first place. This argument is contrary to the position the government took below, and we decline to address it in the first instance on appeal. Rather, assuming for purposes of decision that the district court had discretion to conduct a de novo resentencing on remand, we conclude that this discretion was not abused when the district court declined to conduct such a proceeding here.

[2] Defendant argues that this court "did not decide the loss amount on the merits" in the previous appeal. (Appellant's Reply Br. at 7.) This argument is based on a mischaracterization of our previous opinion. Although certain of Defendant's loss arguments in the previous appeal were waived and thus not addressed, we found several other arguments on loss to be "adequately briefed" and rejected all of these argument "on the merits," squarely holding that "the district court made a 'reasonable estimate of the loss.'" *Johnson*, 732 F. App'x at 642, 659–62 (quoting *United States v. Mullins*, 613 F.3d 1273, 1292 (10th Cir. 2010)). Regardless of whether or not Defendant's current arguments relating to loss were addressed on the merits in the previous appeal, the fact remains that this court affirmed the original loss calculation in that appeal.

subsequent discussion regarding the denial of an evidentiary hearing. After Defendant requested a downward departure or variance at resentencing based in part on post-incarceration rehabilitation, the government argued that the evidence of Defendant's supposed reformation was flimsy at best: although Defendant asserted that he had become a changed man in prison, the evidence showed that "as of earlier this year he was violating prison rules simply because he didn't think they should apply to him." (Suppl. App. at 1374.) In announcing its sentence, the district court explained to Defendant that it was varying downward based on "what [it saw] as some humility and some ability to be a law-abiding citizen and not have to be the biggest deal in town and have schemes going that allow you to have your helicopters and your great lifestyle and your 20,000-square-foot home." (Appellant's App. at 377.) It was immediately after this explanation that the court told Defendant—still addressing him as "you"—that "they" might appeal "this" because it was "not the solidest ground." (*Id.*) Thus, in context, this statement appears to refer to the fact that the government could appeal the below-guidelines sentence based on the flimsiness of the evidence in support of the rehabilitation rationale, rather than to the court's subsequent explanation as to why it was not reopening the issue of loss. Moreover, even under Defendant's interpretation, this statement simply does not support his argument that the district court was unaware of its discretionary authority to conduct a de novo resentencing.

The rest of Defendant's arguments on appeal are focused on the merits of his

challenges to the original loss calculation. Relying primarily on arguments that he did not raise in the original sentencing proceeding, as well as certain arguments that were rejected by the first sentencing court and/or this court, he argues that the loss calculation was so blatantly wrong that the only permissible choice the court could make at resentencing was to reopen the issue of loss so he could relitigate this issue. However, the only cases Defendant cites in support of this argument are inapposite cases discussing when plain error requires reversal on appeal. *See, e.g.*, *Rosales-Mireles v. United States*, 138 S. Ct. 1897 (2018). None of these cases disturb our precedential holding that, in the absence of a specific mandate, a resentencing court has "no obligation to conduct a *de novo* sentencing" and may, "in the exercise of its discretion, . . . resolve not to entertain new arguments and evidence and simply rely on the original briefing and arguments." *Moore*, 83 F.3d at 1235. Defendant provides no persuasive support for his argument that this discretion is constrained where a party points to an allegedly blatant error that somehow escaped notice in both the original sentencing proceeding and on appeal, and we are not persuaded that the district court's discretion should be so limited. *See United States v. West*, 646 F.3d 745, 749 (10th Cir. 2011) ("[T]he scope of the mandate on remand in the Tenth Circuit is carved out by exclusion: unless the district court's discretion is specifically cabined, it may exercise discretion on what may be heard.").

The resentencing court decided to exercise its discretion not to conduct a de novo resentencing in this case because Defendant sought to reopen an issue he had already had

the opportunity to litigate before the original sentencing judge—who had much greater familiarity with the case than the resentencing judge—and on appeal. We are not persuaded that this discretionary decision fell outside the wide range of "rationally permissible choices" available to the court. *McComb*, 519 F.3d at 1053.

We accordingly **AFFIRM** the district court's sentencing decision.

Entered for the Court


Monroe G. McKay
Circuit Judge