**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 12, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

DONTE ORMOND WARD, a/k/a
Antwan Damon Wilson, a/k/a Monster,

     Defendant-Appellant.

--------------------

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

JASON TODD DAVIS,

     Defendant-Appellant.

--------------------

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

MICHAEL GAITHER, also known as
Mike G.,

     Defendant-Appellant.

No. 03-6005

No. 03-6123

No. 03-6145

(D.C. No. CR-01-181-M)
(W.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the

Before **EBEL**, **HOLLOWAY**, and **BRISCOE**, Circuit Judges.

Defendants Donte Ormond Ward, Jason Todd Davis, and Michael Gaither were convicted by a jury of numerous drug-related crimes and sentenced by the district court to multiple concurrent terms of life imprisonment and lesser terms of imprisonment. We affirmed defendants' convictions and sentences on direct appeal. United States v. Ward, Nos. 03-6005, 03-6123, 03-6145, 2004 WL 909760 (10th Cir. Apr. 29, 2004). Defendants filed petitions for writs of certiorari with the Supreme Court. On January 24, 2005, the Supreme Court granted defendants' petitions, vacated the judgments, and remanded the cases to this court for further consideration in light of United States v. Booker, 125 S.Ct. 738 (2005). The parties have since, at our direction, filed supplemental pleadings addressing Booker.

In Booker, the Court extended its decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 124 S.Ct. 2531 (2004), to the Federal Sentencing Guidelines, holding that the Sixth Amendment requires "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S.Ct. at 756. To remedy

citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the guidelines' Sixth Amendment violation, the Court severed and excised 18 U.S.C. § 3553(b)(1), which had required sentencing courts to impose a sentence within the applicable guidelines range, subject to departures in limited cases.  Id. at 764.  As a result, the guidelines are now advisory.  Id. at 769.

Citing Booker, defendants argue that the district court violated their Sixth Amendment rights by making various factual findings at the time of sentencing (e.g., drug quantities, obstruction of justice, etc.), and in turn applying the Sentencing Guidelines in a mandatory fashion based upon those factual findings.  Because defendants asserted Apprendi challenges to their sentences in the district court, we review for harmless error their claimed Sixth Amendment violations.  See Fed. R. Crim. P. 52(a).  A review of the record in these appeals substantiates defendants' claims: the district court clearly found a number of facts which it in turn used to enhance defendants' sentences under what it believed was a mandatory guideline regime.  Thus, the burden is on the government to establish that the Sixth Amendment errors were harmless.  Id.  Notably, however, the government makes no attempt to do so and instead cites our decision in United States v. Labastida-Segura, 396 F.3d 1140 (10th Cir. 2005), and concedes that the cases must be remanded to the district court for resentencing in light of Booker.

We therefore REMAND these cases to the district court with directions to vacate

3

the defendants' sentences and to resentence defendants in light of <u>Booker</u>.

Entered for the Court

Mary Beck Briscoe
Circuit Judge