**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 3, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

HECTOR MANUEL AGUAYO-
GONZALEZ,

Defendant-Appellant.

No. 05-2349

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. NO. CR-02-2080)**

---

Howard A. Pincus, Assistant Federal Public Defender, (Raymond P. Moore, Federal Public Defender, with him on the briefs) Denver, Colorado, for the Defendant-Appellant.

Terri J. Abernathy, Assistant United States Attorney, (David C. Iglesias, United States Attorney, with her on the brief) Las Cruces, New Mexico, for the Plaintiff-Appellee.

---

Before **HARTZ**, **ANDERSON,** and **McCONNELL**, Circuit Judges.

---

**McCONNELL**, Circuit Judge.

---

Hector Manuel Aguayo-Gonzalez was charged in the District of New

Mexico with illegal reentry after conviction of an aggravated felony, in violation

of 8 U.S.C. § 1326(a) and (b)(2), and with making a false citizenship claim, in violation of 18 U.S.C. § 911, both of which are felonies. He was also charged with assaulting, resisting, or impeding a federal officer under 18 U.S.C. § 111.

Mr. Aguayo-Gonzalez went to trial on all three counts. At trial, the defendant and his lawyer conceded most of the facts necessary to prove the two felony counts. During her opening statement, the defendant's attorney said that Mr. Aguayo-Gonzalez was "not going to necessarily fight [the] allegations" that he had been deported, and "will not fight [the] evidence" that he made a false declaration of citizenship. R. Vol. IV, at 12. The defendant himself, on direct examination, testified that he was a Mexican national, had previously been deported from the United States, and knew that he did not have legal permission to enter the country. He also testified that he had misrepresented his status to border officials by claiming that he was a U.S. citizen.

The third count in Mr. Aguayo-Gonzalez's indictment can be either a misdemeanor or a felony, depending on the seriousness of the conduct. 18 U.S.C. § 111. Section (a) of the provision, which is a misdemeanor, imposes up to one year of imprisonment on anyone who "forcibly assaults, resists, opposes, impedes, intimidates, or interferes" with an officer performing his official duties. *Id.* Section (b) raises the crime to a felony, punishable by up to 20 years imprisonment, if the defendant uses a deadly or dangerous weapon or inflicts bodily injury. Although the indictment did not specify whether Mr. Aguayo-

Gonzalez was being charged under section (a) or (b), both parties and the judge, at trial, in the jury instructions, and at sentencing, treated the charge as a misdemeanor. Both parties assume the charge to be a misdemeanor for purposes of this appeal.

The jury convicted Mr. Aguayo-Gonzalez on all counts. The presentence report grouped the two felonies together at offense level 24, and the misdemeanor was assigned an offense level of 9.[1] When a defendant faces sentencing for charges of greatly disparate severity, the lesser charges are ignored when determining the Guidelines range: "Disregard any Group that is 9 or more levels less serious than the Group with the highest offense level. Such Groups will not increase the applicable offense level but may provide a reason for sentencing at the higher end of the sentencing range for the applicable offense level." U.S. Sentencing Guidelines Manual § 3D1.4(c) (2003). The defendant's misdemeanor was fifteen levels lower than his felonies, so the court based its Guidelines calculations entirely on the first two charges.

Because Mr. Aguayo Gonzalez had contested the misdemeanor charge, the judge denied him a reduction under the Guidelines for acceptance of responsibility, stating that although "the defendant did not contest that he was in

_____

[1]The sentencing at issue in this case was Mr. Aguayo-Gonzalez's second for these charges. The first sentence was overturned due to an error in the calculation of the Guidelines. *United States v. Aguayo-Gonzalez*, 139 Fed. App 937 (10th Cir. 2005) (unpublished opinion).

the United States illegally[, h]e did contest and aggressively took issue with the government's contention that he assaulted, resisted, or impeded a federal officer." Aplt. App., Doc. 2, at 10.  As applied, the Sentencing Guidelines range was 63-78 months; with two points off for acceptance of responsibility, it would have been 51-63 months.  The sentencing court also considered Mr. Aguayo-Gonzalez's sixteen prior convictions that did not result in criminal history points, as well as his apparent substance abuse problems.  Aplt. App., Doc. 2, at 12.  The court imposed a sentence of sixty-six months.[2]

## II.

On appeal, Mr. Aguayo-Gonzalez challenges his sentence as unreasonably disparate from the sentences of defendants similarly situated.  In the wake of *United States v. Booker*, 543 U.S. 220 (2005), a district court still must calculate the Guidelines and apply applicable upward adjustments and downward departures.  Subsequently, the court may use its discretion to impose a sentence either within the Guidelines range or outside of it, relying on the sentencing

---

[2]The court also imposed a $100 special assessment for each of the three counts.  This appeal initially included a claim that the $100 fee for the misdemeanor conviction was improper because the relevant statute authorizes only a $25 fee for Class A misdemeanors.  18 U.S.C. § 3013(a)(1)(A)(iii).  After acknowledging the error in its briefs and at oral argument, the government moved in district court to remit the $100 fee to the defendant.  The district court granted that motion, rendering the issue moot on appeal.  D. N.M., Case 02-cr-02080, Docket, Doc. 82, 83.

factors set out in 18 U.S.C. § 3553(a). In evaluating the resulting sentence, we first determine whether the court calculated the correct Guidelines range; if so, we examine the sentence for reasonableness, using a presumption of reasonableness for within-Guidelines sentences. *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006).

Because the defendant does not argue that the district court incorrectly calculated his Guidelines range, we jump directly to the second *Kristl* inquiry and address whether his sentence was unreasonable.[3] Mr. Aguayo-Gonzalez claims that his sentence violates the mandate in 18 U.S.C. § 3553(a) that the court "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

---

[3]It is not entirely clear that the Guidelines were in fact properly applied. Our Court has not determined – and does not do so here – whether acceptance of responsibility is an all-or-nothing proposition under the Guidelines. Precedent in other circuits is fractured on whether a defendant must accept responsibility for all charged crimes, or merely all crimes in a given Guidelines grouping, in order to receive a reduction. Four courts of appeals have held that a defendant must accept responsibility for all charged conduct in order to receive a reduction, but none of those cases involved or considered a defendant who had pleaded guilty to all charges within one Guidelines grouping and disputed others outside that grouping. *United States v. Thomas*, 242 F.3d 1028, 1033-34 (11th Cir. 2001); *United States v. Chambers*, 195 F.3d 274, 278-79 (6th Cir. 1999)*; United States v. Ginn*, 87 F.3d 367, 370-71 (9th Cir. 1996); *United States v. Kleinebreil*, 966 F.2d 945, 952-53 (5th Cir. 1992). The two courts of appeals to address explicitly the question have held that the acceptance of responsibility reduction is proper when a defendant pleads guilty to one set of grouped charges, even if he contests other charges that are grouped separately. *United States v. Wattree*, 431 F.3d 618, 621-23 (8th Cir. 2005); *United States v. Williams*, 344 F.3d 365, 379-80 (3d Cir. 2003). Because the defendant conceded the issue, we do not address it here.

In order to determine whether the defendant has been subjected to an unwarranted sentencing disparity, we must ascertain whether he is similarly situated to a defendant who has received a reduction for acceptance of responsibility. To do so, we briefly examine the nature and purpose of the reduction. The Guidelines offer up to a three-point reduction in a defendant's offense level for admitting the truth of the charges against him: two for "clearly demonstrat[ing] acceptance of responsibility for his offense," U.S.S.G. § 3E1.1(a), and one for "timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial." U.S.S.G. § 3E1.1(b). The Guideline Notes explain that section (a) "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. § 3E1.1 cmt. n. 2. There are, however, some exceptional circumstances that allow a defendant to receive a reduction after a jury verdict, as the Notes explain:

> In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). *In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.*

*Id.* (emphasis added).

-6-

We have employed this exception sparingly. In *United States v. Gauvin*, 173 F.3d 798, 806 (10th Cir. 1999), we upheld a district court adjustment under § 3E1.1 where the defendant admitted to his criminal conduct in testimony at trial but disputed whether he had the necessary *mens rea*. Key to the *Gauvin* result, however, is the fact that the defendant admitted to all facts pertaining to the crime, disputing only the "the legal element of intent." *Id*. We have held in numerous other cases that any defendant who "attempted at trial to deny a key factual element of the crime . . . forfeited his claim to an adjustment under § 3E.1.1." *United States v. Salazar-Samaniega*, 361 F.3d 1271, 1281 (10th Cir. 2004).

Mr. Aguayo-Gonzalez's conduct departs in several ways from the acceptance-of-responsibility standard enunciated above, making his situation distinguishable, for purposes of § 3553(a)(6), from that of defendants who receive the reduction. First of all, Mr. Aguayo-Gonzalez makes no claim that he accepted responsibility before trial. He went to trial on all three counts, and the government was forced to put forward witnesses to prove both felony counts. In *United States v. Eaton*, 260 F.3d 1232 (10th Cir. 2001), we upheld the district court's refusal to apply an acceptance-of-responsibility reduction when the defendant "testified truthfully at trial" to committing the elements of the crime but offered no evidence of pre-trial statements or conduct indicating acceptance of responsibility. *Id*. at 1237. Mr. Aguayo-Gonzalez's conduct on the stand is

-7-

similarly not comprehensive enough, and did not occur early enough, to indicate acceptance of responsibility.

Moreover, even if we were to credit the defendant's statements from the stand, his argument hinges on the premise that those statements admitted all facts necessary to convict him on the two felony counts. That is not precisely true. In count 2 of the indictment, Mr. Aguayo-Gonzalez was charged under both sections (a) and (b) of 8 U.S.C. § 1326. He did admit to sufficient facts for section (a), which sets a two-year fine for an alien who "has been . . . deported . . . and thereafter enters, attempts to enter, or is at any time found in, the United States." § 1326(a). Section (b), however, contains additional requirements and imposes additional penalties. It provides that "any alien . . . whose removal was subsequent to a conviction for commission of an aggravated felony . . . shall be . . . imprisoned not more than 20 years." § 1326(b)(2). At no time during the trial did either Mr. Aguayo-Gonzalez or his lawyer acknowledge that his deportation followed an aggravated felony. It follows that he took no affirmative steps to accept responsibility for the much more serious portion of the charges against him. This distinguishes his case from *Gauvin* and from the example in the Guidelines Notes, in which defendants conceded all facts and disputed only matters of law.

Finally, even assuming *arguendo* that Mr. Aguayo-Gonzalez did accept responsibility for the first two counts, his contesting of the third count makes it

reasonable to differentiate his sentence from that of a defendant who had accepted responsibility on all counts. The Sentencing Guidelines require acceptance of responsibility on multiple counts for good reasons: to spare the government the expense of putting on a trial, and to force a defendant to accept responsibility, without reservations, for his conduct. U.S.S.G. § 3E1.1 cmt. n. 2; *Thomas*, 242 F.3d at 1034 ("a defendant who is unwilling to accept responsibility for some of the charges against him has not really 'come clean' and faced up to the full measure of his criminal culpability"). By contesting the third count, Mr. Aguayo-Gonzalez negated any such benefits.

Mr. Aguayo-Gonzalez's argument that he "looks far more like a person who has admitted guilt on all counts than one who has denied guilt on any count" is beside the point, Aplt. Br. at 24, as is the government's contention that he is more "similarly situated to someone who contested all the charges against him" than to "someone who entered guilty pleas on all the charges." Appellee Br. at 10-11. The defendant's argument for a non-Guidelines sentence was addressed to the discretion of the district court, which bears primary responsibility for determining whether to vary from the advisory Guidelines, and we have no basis for saying its judgment was unreasonable. The district court examined the proper Guidelines sentence, took account of Mr. Aguayo-Gonzalez's history, noted his cooperation at trial, and selected a sentence it deemed no harsher than necessary.

III.

Because we find the defendant's sentence to be reasonable, we **AFFIRM** the decision of the district court.  Appellant's motion to supplement the record on appeal is granted.