**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 24, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JASON TODD DAVIS,

Defendant-Appellant.

No. 05-6312
(D.C. No. CR-01-181-02-M)
(W.D. Okla.)

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MICHAEL LAVONTE GAITHER,

Defendant-Appellant.

No. 05-6363
(D.C. No. CR-01-181-01-M)
(W.D. Okla.)

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DONTE ORMOND WARD,

Defendant-Appellant.

No. 06-6002
(D.C. No. CR-01-181-05-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Judge, **KELLY**, and **O'BRIEN**, Circuit Judges.

---

Defendants Jason Todd Davis, Michael Gaither, and Donte Ormond Ward challenge the constitutionality of their sentences imposed on remand. In this consolidated order and judgment, we take jurisdiction under 28 U.S.C. § 1291 and affirm.

I.

After a lengthy trial conducted in April and May 2002, a jury found defendants guilty of numerous drug-related crimes in connection with a conspiracy to distribute phencyclidine (PCP) in Oklahoma City. The district court made factual findings related to defendants' sentences under a preponderance of the evidence standard, mandatorily applied the Sentencing Guidelines, and sentenced defendants to multiple concurrent terms of life imprisonment and lesser terms of imprisonment.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In their initial appeals, defendants challenged their convictions and sentences. *United States v. Ward*, 96 F. App'x 615 (10th Cir. 2004). With regard to sentencing, defendants asserted that the district court improperly calculated drug quantities for relevant-conduct purposes; wrongly decided that they were leaders or organizers of the drug conspiracy, resulting in a four-level enhancement of their sentences under U.S.S.G. § 3B1.1(a); and incorrectly determined that they willfully obstructed justice by threatening and intimidating witnesses, resulting in a two-level enhancement under U.S.S.G. § 3C1.1(a). *Id.* at 623-26. Additionally, Davis and Gaither claimed insufficient evidence to support a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of firearms in connection with a drug-trafficking offense, and Gaither contended that he should not have received a two-level enhancement for reckless endangerment during flight from police under U.S.S.G. § 3C1.2. *Id.* at 627-28. After reviewing the factual basis of the drug-quantity findings and enhancements for clear error, and also considering the constitutionality of the sentencing process, this court affirmed the judgments of the district court. *Id.* at 631.

Defendants filed petitions for writs of certiorari with the Supreme Court. The Court subsequently decided *United States v. Booker*, 543 U.S. 220 (2005), which held that the Sixth Amendment requires "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must

-3-

be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* at 244. To rectify the constitutional infirmity presented by the mandatory Guideline system, the Court fashioned a broad remedy, making the Guidelines advisory rather than mandatory in all cases. *Id.* at 245. In the wake of its *Booker* decision, the Supreme Court granted defendants' petitions, vacated the judgments, and remanded the cases to this court for further consideration. *Gaither v. United States*, 543 U.S. 1102 (2005); *Ward v. United States*, 543 U.S. 1103 (2005); *Davis v. United States*, 543 U.S. 1107 (2005). This court remanded the cases, directing the district court to vacate the sentences and resentence defendants in accordance with *Booker*. *United States v. Ward*, 143 F.App'x 88, 90 (10th Cir. 2005).

On remand, the district court denied defendants' requests for de novo sentencing hearings and declined to revisit its initial factual findings, which had been reviewed and affirmed by this court. Using the same drug quantities and applying the same enhancements that served as the basis of the reversed sentences, the court again calculated defendants' Guideline ranges under the sentencing guidelines and reached the same guideline ranges–life sentences. The court recognized the advisory nature of the Guidelines following *Booker*. At defendants' resentencing hearings, the district court specifically considered the purposes of sentencing as expressed in the statutory sentencing factors. *See* 18 U.S.C. § 3553(a). Particularizing its discussion to each defendant, the court looked to the defendant's age and criminal history, the significant drug

quantities attributable to the defendant, the firearms involved, and the role played by the defendant. *See id.* §§ 3553(a)(1), (2)(A). And, for each defendant, the district court determined that a sentence below the Guideline range of life was "sufficient, but not greater than necessary," to deter criminal conduct, "protect the public from further crimes of the defendant," and also "to provide the defendant with educational or vocational training." *Id.* § 3553(a)(2)(B), (C), (D). The court sentenced Ward to a term of 460 months, to run concurrently with a lesser sentence; Davis to a term of 480 months, to run concurrently with lesser sentences; and Gaither to a term of 540 months, to run concurrently with lesser sentences.

## II.

Defendants now appeal the sentences imposed on remand. In reviewing their sentences, "we first determine whether the court calculated the correct Guidelines range; if so, we examine the sentence for reasonableness, using a presumption of reasonableness for within-Guidelines sentences." *United States v. Aguayo-Gonzalez,* No. 05-2349, 2007 WL 10758, at *2 (10th Cir. Jan. 3, 2007).

Concerning the Guidelines calculation, defendant Gaither first argues that he was entitled to a de novo determination on resentencing. There is no legal authority for the proposition that a district court *must* "expand the scope of the resentencing beyond the issue that resulted in the reversal and vacation of sentence." *United States v. Moore*, 83 F.3d 1231, 1235 (10th Cir. 1996). Rather,

the case law instructs that the court has the "inherent discretion to determine the appropriate scope of the resentencing proceedings." *Id.* Moreover, the district court's exercise of its discretion to utilize the facts found in the initial sentencing proceeding was particularly appropriate in this instance. Earlier, this court had affirmed the calculation of the Guideline range, based on the district court's calculations of drug amounts and applications of the enhancements for leadership roles, obstruction of justice, possession of firearms, and reckless endangerment.

Next, all three defendants claim that the district court's use of its earlier calculations and imposition of enhancements violated their rights under the Sixth Amendment and Due Process Clause. They assert that these types of factual determinations must be found by a jury beyond a reasonable doubt. Under *Booker's* advisory regime, however, a district court may make Guideline calculations using facts found by the judge. *United States v. Magallanez*, 408 F.3d 672, 684-85 (10th Cir.), *cert. denied*, 126 S. Ct. 468 (2005). "[S]uch fact-finding is unconstitutional only when it operates to increase a defendant's sentence *mandatorily*." *United States v. Dalton*, 409 F.3d 1247, 1252 (10th Cir. 2005); *see also Magallanez*, 408 F.3d at 685 ("[W]hen a district court makes a determination of sentencing facts by a preponderance test under the now-advisory Guidelines, it is not bound by jury determinations reached through application of the more onerous reasonable doubt standard."). We discern no error in either the

district court's consideration of its own drug-quantity findings or its application of the enhancements.

Additionally, Defendant Ward asserts that, under *Crawford v. Washington*, 541 U.S. 36 (2004), the use of hearsay evidence in connection with the obstruction enhancement violated his Sixth Amendment right to confront witnesses against him. We have previously rejected this argument. "[N]othing in *Crawford* . . . requires us to depart from our precedent that constitutional provisions regarding the Confrontation Clause are not required to be applied during sentencing proceedings." *United States v. Bustamante*, 454 F.3d 1200, 1202 (10th Cir. 2006) (quotation omitted). The court's reliance on hearsay statements in the sentencing process did not implicate Ward's Confrontation Clause rights.

Finally, with regard to the reasonableness of their sentences, all the defendants argue that the district court erred by again applying the Guidelines in a mandatory manner. A district court's failure to consider the guidelines as advisory in accordance with *Booker* presents what this court has termed a non-constitutional error. *United States v. Gonzalez-Huerta,* 403 F.3d 727, 731-32 (10th Cir.), *cert. denied*, 126 S. Ct. 495 (2005). The record on resentencing, however, plainly refutes defendants' contention. The district court clearly complied with *Booker* by applying the Guidelines in an advisory fashion, as *Booker* requires. Indeed, the district court exercised its afforded discretion to

depart downward from the Guideline indication of life sentences to relatively lesser sentences ranging from 460 to 540 months.

III.

We conclude that defendants' sentences are constitutional, procedurally correct, and substantively reasonable. The judgments of the district court are AFFIRMED.

Entered for the Court


Deanell Reece Tacha
Chief Circuit Judge