**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 6, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARTIN EDWARD COLE,

Defendant - Appellant.

No. 06-3072
(D. Ct. No. 04-CR-10044-WEB)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **BALDOCK**, and **LUCERO**, Circuit Judges.

Defendant-Appellant Martin Cole was sentenced to 84 months' imprisonment after pleading guilty to being a felon in possession of a firearm. In a prior appeal, this Court remanded to the District Court for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). The District Court resentenced Mr. Cole to the same term of imprisonment. Mr. Cole now appeals the District Court's application of a four-level enhancement under the U.S. Sentencing Guidelines ("U.S.S.G." or "Guidelines"). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1) and we AFFIRM.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

In March 2004, Mr. Cole was indicted for being a felon in possession of a firearm pursuant to 18 U.S.C. § 922(g)(1). He subsequently entered a conditional guilty plea. In his plea agreement, Mr. Cole agreed to the following factual description of the offense:

> On December 25, 2003, the defendant was at the Time Out [Club] . . . . While the defendant was at the club he caused a disturbance and was asked to leave by Patricia Bazil, the bar owner. While in the parking lot the defendant pulled out a Jennings, Model J-22, .22 caliber handgun and shot in the vicinity of Ms. Bazil and a bar patron, Steven Hoyt. Ms. Bazil and Mr. Hoyt ran inside the club, locked the door, and 911 was called. The defendant left the scene in his white van. During a subsequent traffic stop of the defendant's white van, officers of the Wichita Police Department found a Jennings, Model J-22, .22 caliber handgun and ammunition inside the van. The Jennings, Model J-22, .22 caliber handgun was manufactured outside the state of Kansas and therefore traveled in interstate commerce.

In October 2004, the District Court sentenced Mr. Cole to 84 months' imprisonment, the low end of the applicable range under the Guidelines. Under the plea agreement, Mr. Cole waived his right to appeal his sentence with the exception of the right to appeal the imposition of a four-level enhancement under U.S.S.G. § 2K2.1(b)(5) (2003) for possessing a firearm in connection with another felony offense,[1] namely an aggravated assault under Kansas law.

In his first appeal to this Court, Mr. Cole argued that the District Court's application of the four-level enhancement under § 2K2.1(b)(5) entitled him to resentencing under *United States v. Booker*, 543 U.S. 220, in which the Supreme Court

---

[1] In the 2003 Guidelines, under which the court sentenced Mr. Cole, this enhancement was contained in U.S.S.G. § 2K2.1(b)(5). The enhancement is now located at U.S.S.G. § 2K2.1(b)(6).

invalidated the mandatory application of the sentencing Guidelines and required district courts to consult them in an advisory fashion. *Id.* at 245. Mr. Cole claimed that the District Court violated *Booker* by applying the sentencing enhancement in a mandatory, rather than advisory, fashion. After concluding that Mr. Cole's *Booker* challenge was preserved by the plea agreement, this Court remanded the case to the District Court for resentencing. *See United States v. Cole*, 158 Fed. App'x 130, 133 (10th Cir. 2005).

On remand, the District Court held a sentencing hearing at which Mr. Cole reiterated an argument he had made during his first sentencing hearing: he argued that the court should not apply the four-level enhancement based on aggravated assault because he was acting in self-defense. At the end of the hearing, the court resentenced Mr. Cole to the same term of 84 months' imprisonment, supplementing its oral ruling with a written order. In its order, the court reconsidered Mr. Cole's original sentence in light of the statutory factors under 18 U.S.C. § 3553(a) and concluded that a sentence within the advisory Guidelines is appropriate.

Mr. Cole again appeals his sentence. This time he argues that the District Court erred in finding that he did not act in self-defense. He also claims that the court improperly shifted the burden of proof to him in evaluating his claim of self-defense for purposes of the four-level enhancement and that his Fifth Amendment right to due process was violated because the Government did not prove the aggravated assault beyond a reasonable doubt.

## II. DISCUSSION

We review a district court's sentencing determination under a reasonableness standard, which is guided by the statutory factors delineated in 18 U.S.C. § 3553(a). *See United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006). Under this standard, we review the lower court's factual findings for clear error. *United States v. Valtierra-Rojas*, 468 F.3d 1235, 1241 n.8 (10th Cir. 2006) (explaining that the clear error standard applies both to the court's calculation of the sentence under the Guidelines and to the court's factual findings concerning reasonableness). We review the court's legal conclusions de novo. *See Kristl*, 437 F.3d at 1054 (noting we review questions of law regarding application of the Guidelines de novo); *see also United States v. Wilfong*, 475 F.3d 1214, 1217 (10th Cir. 2007) (noting we review constitutional challenges to sentences de novo).

Although district courts now apply the Guidelines in an advisory fashion, they remain a factor under § 3553(a), which courts must consider in sentencing a defendant. *See Booker*, 543 U.S. at 264 ("The district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing."); *Kristl*, 437 F.3d at 1053 (recognizing that courts must consider the Guidelines). Moreover, because the Guidelines promote the important goal of uniformity in sentencing, we have held that "a sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness." *Kristl*, 437 F.3d at 1054. To rebut this presumption, a defendant must demonstrate that the properly calculated sentence is unreasonable in the context of the other § 3553(a) factors. *Id.*

- 4 -

A.    Evidence of the Relevant Sentencing Facts

Mr. Cole argues that the District Court erred in applying the enhancement because the Government did not prove that he possessed the gun in connection with the felony offense of aggravated assault. Specifically, Mr. Cole contends that the court erred in finding that he did not act in self-defense. But based on our review of the record, the District Court did not engage in any fact-finding. Rather, the court correctly applied the enhancement based solely on facts Mr. Cole admitted.

As noted above, in his first appeal to this Court, Mr. Cole argued that the District Court had committed a non-constitutional *Booker* error by applying the Guidelines in a mandatory, rather than advisory, fashion. A court commits a non-constitutional *Booker* error "by applying the Guidelines in a mandatory fashion . . . even though the resulting sentence was calculated solely upon facts that were admitted by the defendant, found by the jury, or based upon the fact of a prior conviction." *United States v. Gonzalez-Huerta*, 403 F.3d 727, 731 (10th Cir. 2005). In contrast, a sentencing court commits a constitutional *Booker* error "by relying upon judge-found facts, other than those of prior convictions, to enhance a defendant's sentence mandatorily." *Id.* By arguing that the court committed only a non-constitutional error, Mr. Cole tacitly acknowledged that the enhancement was authorized by facts he admitted. *See, e.g., United States v. Labastida-Segura*, 396 F.3d 1140, 1142 (10th Cir. 2005) (noting that the district court did not commit a constitutional *Booker* error because "all operative sentencing facts were admitted"). That is, Mr. Cole argued that because the court viewed the Guidelines as

- 5 -

mandatory, it did not consider whether to deviate from the applicable Guidelines range by choosing—as a matter of discretion—not to apply the enhancement authorized by admitted facts. This Court agreed that the District Court had committed a non-constitutional error and remanded for resentencing.[2]

We did not, however, limit the scope of our remand to the court's discretionary determination of whether to deviate from the applicable Guidelines range. The District Court was therefore free to reconsider whether the facts admitted by Mr. Cole authorized the enhancement under § 2K2.1(b)(5). *See United States v. Keifer*, 198 F.3d 798, 801 (10th Cir. 1999) (holding that, unless we limit the remand, resentencing is de novo and the district court "has the discretion to entertain evidence that could have been presented at the original sentencing even on issues that were not the specific subject of the remand"). But during his second sentencing hearing, Mr. Cole did not introduce any new facts or evidence regarding the aggravated assault or his self-defense claim. Instead, during the hearing, Mr. Cole's attorney appealed to the court's discretion, urging the court to consider self-defense as a mitigating factor. In addition, his attorney admitted that Mr. Cole's actions in response to the perceived threat were "more than necessary," thereby acknowledging that his conduct did not meet Kansas's statutory definition of self-

---

[2]We held that the District Court's non-constitutional error was not harmless because the court imposed the "lowest possible sentence under what it considered to be mandatory guidelines." *Cole*, 158 Fed. App'x at 133. When a district court mandatorily imposes a sentence at the bottom of the Guidelines range, the error is not harmless because we cannot determine whether and how the lower court would have exercised its discretion under advisory Guidelines. *Labastida-Segura*, 396 F.3d at 1143.

defense.[3] *See United States v. Buonocore*, 416 F.3d 1124, 1134 (10th Cir. 2005) (treating admissions of defense counsel at sentencing as admissions of the defendant). Furthermore, in addition to admitting that he shot the gun in the vicinity of two individuals, Mr. Cole admitted that he intended to scare people when he fired the gun. That is, he admitted facts establishing the elements of an aggravated assault.[4] Hence, the District Court did not err in concluding that the facts as admitted by Mr. Cole establish that he used the firearm in connection with the felony offense of aggravated assault.

B.      Burden of Proof at Sentencing

After listening to Mr. Cole's arguments during the second sentencing hearing, the District Court concluded that his statements concerning self-defense "do not overcome the weight of the foregoing facts and admissions." According to Mr. Cole, in finding that his statements "do not overcome" the weight of certain facts and admissions, the court impermissibly shifted the burden of proof from the Government to him. But as discussed above, the court based the enhancement solely on *admitted* facts. In other words, the Government had no burden to prove sentencing facts that Mr. Cole had already admitted, and the court did not engage in any judicial fact-finding. In the absence of any new

_____

[3]Under Kansas law, "[a] person is justified in the use of force against an aggressor when and to the extent it appears to him and he reasonably believes that such conduct is necessary to defend himself or another against such aggressor's imminent use of unlawful force." Kan. Stat. Ann. § 21-3211 (2005), *amended by* 2006 Kan. Sess. Laws ch. 194.

[4]In Kansas, a person commits an aggravated assault if he or she uses "a deadly weapon," Kan. Stat. Ann. § 21-3410 (2005), and "intentionally plac[es] another person in reasonable apprehension of immediate bodily harm," *id.* § 21-3408.

evidence, the court clearly did not err in concluding that the facts Mr. Cole admitted in his plea agreement establish the felony offense of aggravated assault for purposes of the enhancement.

Similarly, because the enhancement was based on facts Mr. Cole admitted, rather than facts found by a judge, Mr. Cole's argument that sentencing facts must be proved beyond a reasonable doubt is misplaced. But even if the enhancement were based on judge-found facts, his argument would fail. After *Booker,* sentencing facts, including facts concerning uncharged conduct, need not be proved beyond a reasonable doubt, as Mr. Cole argues. Rather, as long as a district court applies the Guidelines in an advisory fashion, facts may be proved by a preponderance of the evidence. *United States v. Magallanez*, 408 F.3d 672, 685 (10th Cir. 2005); *see also United States v. Rodriguez-Felix*, 450 F.3d 1117, 1131 (10th Cir. 2006) ("In the aftermath of *Booker*, we have routinely permitted a district court to enhance a defendant's sentence using uncharged conduct proven to the court by a preponderance of the evidence."). Provided the resulting sentence is within the range authorized by the statute under which the defendant was convicted, judicial fact-finding by a preponderance of the evidence does not violate the Constitution. *United States v. Crockett*, 435 F.3d 1305, 1319 (10th Cir. 2006) (holding that sentencing facts under the advisory Guidelines need only be found by a preponderance of the evidence because "a conviction, by itself, authorizes a sentence up to the statutory maximum").

C.      Reasonableness of the Enhancement

Because the District Court properly applied the enhancement under the advisory Guidelines, Mr. Cole's sentence is entitled to a presumption of reasonableness. *See Kristl*, 437 F.3d at 1054. Mr. Cole does not challenge his sentence on other grounds, and he has not rebutted this presumption. We note, however, that the District Court considered other § 3553(a) factors in resentencing Mr. Cole, and even without the presumption, his sentence is reasonable.

In addition to considering the advisory Guidelines, the court referred to other § 3553(a) factors in reaching its conclusion. *See United States v. Jarrillo-Luna*, 478 F.3d 1226, 1230 (10th Cir. 2007) (noting that, in considering an argument for leniency, a sentencing judge "must somehow indicate that he or she did not rest on the Guidelines alone, but considered whether the Guideline sentence actually conforms, in the circumstances, to the statutory factors" (quotation omitted)). In particular, the court determined that the sentence is necessary to reflect the serious nature of the offense, especially given Mr. Cole's criminal history. *See* 18 U.S.C. § 3553(a)(1). The court also found that the sentence is necessary to provide adequate deterrence, *see id.* § 3553(a)(2)(B), and to protect the public, *see id.* § 3553(a)(2)(C), and that a sentence at the low end of the advisory Guidelines range promotes uniformity in sentencing among similar defendants, *see id.* § 3553(a)(6). The District Court therefore applied the Guidelines in an advisory fashion and determined that, in its discretion, Mr. Cole's sentence of 84 months' imprisonment is appropriate. We recognize that the District Court

has "primary responsibility for determining whether to vary from the advisory Guidelines," *United States v. Aguayo-Gonzalez*, 472 F.3d 809, 813 (10th Cir. 2007), and conclude that its decision not to do so is reasonable.

### III.  CONCLUSION

We therefore AFFIRM the District Court's decision.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge