FILED
United States Court of Appeals
Tenth Circuit

November 25, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL GAITHER,

Defendant - Appellant.

No. 08-6139
(D. Ct. Nos. CIV-08-00226-M and CR-
01-181-M)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.

Petitioner-Appellant Michael L. Gaither, a federal prisoner proceeding pro se, seeks a certificate of appealability ("COA") to appeal from the denial of his habeas petition under 28 U.S.C. § 2255. We take jurisdiction under 28 U.S.C. § 1291, DENY Mr. Gaither's request for a COA, and DISMISS this appeal.

## I. BACKGROUND

Mr. Gaither and two codefendants were convicted after a jury trial of various drug offenses and sentenced under the then-mandatory United States Sentencing Guidelines. His conviction and sentence were affirmed on direct appeal, *see United States v. Ward*, 96 Fed. Appx. 615 (10th Cir. 2004), but the United States Supreme Court vacated his sentence and remanded to this court following *United States v. Booker*, 543 U.S. 220

(2005). *Gaither v. United States*, 543 U.S. 1102 (2005). On remand from this court, *see United States v. Ward*, 143 Fed. Appx. 88 (10th Cir. 2005), the district court denied Mr. Gaither's request for a de novo sentencing hearing and found the same facts as it had in the previous sentencing proceeding. It sentenced Mr. Gaither to 540 months' imprisonment, to run concurrently to lesser sentences.

Mr. Gaither filed a timely appeal of his sentence, arguing that (1) he was entitled to a de novo determination upon his resentencing, and (2) that the court's finding of facts and application of the Sentencing Guidelines violated his Fifth and Sixth Amendment rights. We affirmed his sentence, concluding specifically that Mr. Gaither was not entitled to new factual findings on remand. *See United States v. Davis*, 213 Fed. Appx. 725, 728 (10th Cir. 2007). Mr. Gaither subsequently petitioned the Supreme Court for a writ of certiorari, which was denied.

In his § 2255 petition, Mr. Gaither again contends that the district court should have conducted a new fact-finding proceeding during resentencing. He further argues that the government knowingly used perjured testimony during his trial. The district court denied the petition, concluding that law of the case precludes him from re-arguing the sentencing issue, and that the second issue was not raised on direct appeal and is therefore procedurally barred.

## II. DISCUSSION

A habeas petitioner may not appeal from the denial of his petition without first obtaining a COA. 28 U.S.C. § 2253(c)(1). We will issue a COA "only if the applicant

has made a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). When the district court denies the petitioner's claim on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the petition is denied on procedural grounds, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Mr. Gaither has failed to make this showing. Regarding the de novo sentencing determination, and as we reasoned on direct appeal, there is no legal authority for the proposition that a district court must "expand the scope of the resentencing beyond the issue that resulted in the reversal and vacation of sentence." *United States v. Moore*, 83 F.3d 1231, 1235 (10th Cir. 1996). Thus, the district court did not err in adopting its previous findings and then applying the Guidelines in an advisory fashion on remand after *Booker*.

As to the prosecutorial-misconduct issue, we agree with the district court that this claim is procedurally barred. A defendant's failure to present an issue on direct appeal bars him from raising the issue in a § 2255 petition "unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *United States v. Bolden*, 472 F.3d 750, 751–52 (10th Cir. 2006)

- 3 -

(quotations omitted). Mr. Gaither did not argue on direct appeal that the government used perjured testimony at trial. Nor does Mr. Gaither explain in his § 2255 petition the reason for failing to raise this issue previously. In his application for a COA, however, Mr. Gaither asserts that this failure is attributable to his counsel's ineffectiveness. Because this argument is made for the first time in Mr. Gaither's application for a COA and was not before the district court as part of his habeas petition, and because Mr. Gaither does not explain how he was prejudiced by the alleged misconduct, we cannot say that the district court erred in finding the claim procedurally barred.

Finally, Mr. Gaither contends in his application for a COA that the district court erred in the method by which it calculated drug quantities for sentencing purposes, and that his counsel was ineffective for failing to object to that method. To the extent these allegations are distinct from his argument that the district court should have made new findings of fact during resentencing, they are made for the first time as part of his request for a COA and we therefore do not consider them as part of our analysis of the district court's resolution of his habeas claims.

## III. CONCLUSION

For the aforementioned reasons, we DENY Mr. Gaither's application for a COA and DISMISS his appeal.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge