FILED
United States Court of Appeals
Tenth Circuit

June 9, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff–Appellee,

v.

JASON TODD DAVIS,

    Defendant–Appellant.

No. 11-6020
(D.C. Nos. 5:08-CV-00577-M and
5:01-CR-00181-M-2)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **GORSUCH**, and **EBEL**, Circuit Judges.

Jason Todd Davis, a federal prisoner proceeding pro se, seeks a certificate of

appealability ("COA") to appeal the denial of his 28 U.S.C. § 2255 habeas petition. We

deny a COA and dismiss the appeal.

**I**

Davis was convicted in federal court on twenty-five counts related to a

phencyclidine ("PCP") distribution conspiracy. He was initially sentenced to life in

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

prison, a sentence we affirmed on direct appeal. See United States v. Ward, 96 F. App'x 615 (10th Cir. 2004) (unpublished). On further review, the Supreme Court vacated Davis' life sentence for reconsideration under United States v. Booker, 543 U.S. 220 (2005). See Ward v. United States, 543 U.S. 1103, 1116 (2005). On remand to the district court, Davis was sentenced below his advisory Guidelines range to 480 months' imprisonment. We again entertained an appeal and affirmed. See United States v. Davis, 213 F. App'x 725 (10th Cir. 2007) (unpublished). The Supreme Court denied certiorari. See Davis v. United States, 550 U.S. 976 (2007).

Having exhausted direct review, Davis filed a § 2255 petition in the district court. Davis asserted four claims of ineffective assistance of counsel, alleging: (1) pre-trial counsel failed to raise Fed. R. Crim. P. 11 at the arraignment; (2) trial counsel failed to raise Rule 11; (3) trial counsel failed to challenge various sentencing enhancements and calculations; and (4) trial counsel did not demand the district court state specific reasons for the sentence imposed. More than two years after filing his original petition and shortly before the district court was set to rule, Davis filed a motion to supplement, seeking to add a new claim of ineffective assistance based on counsel's failure to raise Guidelines Amendment 484. The district court denied the motion to supplement the pleadings and rejected Davis' ineffectiveness claims.

**II**

A petitioner must first obtain a COA to appeal the denial of a § 2255 petition. 28 U.S.C. § 2253(c)(1)(B). We may issue a COA "only if the applicant has made a

substantial showing of the denial of a constitutional right," § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

Davis argues that the district court erred in denying his motion to supplement. We treat a motion to supplement a habeas petition as a motion to amend subject to Fed. R. Civ. P. 15, and review a district court's disposition of such a motion for abuse of discretion. See United States v. Espinoza-Saenz, 235 F.3d 501, 503 (10th Cir. 2000). Although Rule 15 provides that leave to amend should be "freely give[n] . . . when justice so requires," Fed. R. Civ. P. 15(a)(2), we conclude that the district court did not abuse its discretion. Davis sought to add an entirely new claim nearly two and a half years after his initial petition was filed, and more than a year after the government had filed its response—little more than a month before the district court ruled on the petition. Davis describes the claim as based on "new information," but provides no reason to conclude that the issue could not have been raised in his original petition. Each of these factors supports the district court's decision to deny the motion to supplement. See De Bry v. Transamerica Corp., 601 F.2d 480, 492 (10th Cir. 1979) (upholding denial of motion to amend because plaintiffs sought to add new claim after case had been on file for eighteen months, trial was three months off, and claim could have been developed earlier).

Construing his pro se appellate filings liberally, see Hall v. Bellmon, 935 F.2d

- 3 -

1106, 1110 (10th Cir. 1991), Davis also appears to argue that the district court erred in determining his counsel provided effective assistance during plea negotiations and during sentencing. To succeed on an ineffective assistance claim, a petitioner "must show that counsel's performance was deficient. This requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984).

With respect to plea negotiations, the record shows that counsel engaged in extensive bargaining with the prosecutor. The negotiations broke down because Davis was unwilling to testify against his codefendants. Davis complains that a defendant is not required to testify in order to plead guilty, which is correct as between a defendant and the court. However, the prosecutor apparently insisted on Davis' testimony as a condition of dismissing many of the charges against him. And "there is no constitutional right to plea bargain; the prosecutor need not do so if he prefers to go to trial." Weatherford v. Bursey, 429 U.S. 545, 561 (1977). Davis also repeatedly cites to Fed. R. Crim. P. 11 in arguing counsel was ineffective. It seems that Davis is under the mistaken belief that Rule 11 allows the district court to order the prosecutor to agree to a specific plea bargain, or to enter into a plea bargain with a defendant directly. To the contrary, Rule 11 provides that the court "must not participate in" plea bargain discussions. Fed. R. Crim. P. 11(c)(1).

As to sentencing, Davis asserts that his counsel failed to argue various sentencing issues including offense level, drug quantity calculations, and the 18 U.S.C. § 3553(a)

factors.  But the record belies his assertion.  Counsel objected to numerous recommendations in the presentence report and engaged in vigorous argument over the course of a two-day sentencing hearing.  Specifically, defense counsel objected to twenty-one of twenty-nine drug quantity calculation recommendations, opposed offense-level enhancements for obstruction of justice, possession of a firearm, and being a leader or organizer of the conspiracy, and sought a sentence-level reduction for acceptance of responsibility.  Although counsel was unsuccessful in most of these challenges, they were able to obtain a below-Guidelines sentence, which the district court explained by reference to the § 3553(a) factors.

We agree with the district court that Davis' counsel provided effective assistance, and conclude that reasonable jurists could not debate the issue.

### III

We **DENY** a COA and **DISMISS** Davis' appeal.  We **GRANT** Davis' motion to proceed in forma pauperis.

Entered for the Court


Carlos F. Lucero
Circuit Judge